[Crim. No. 26446. Second Dist., Div. Five. Aug. 28, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY WILLIAMS, Defendant and Appellant.

## COUNSEL

Eric Gantner, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Donald F. Roeschke, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—A jury convicted defendant of first degree burglary (Pen. Code, § 459) as charged in count I of the information and attempted rape (Pen. Code, §§ 664, 261, subd. 3) as charged in count II. Probation was denied. Defendant was sentenced to state prison on each count. Execution of sentence on count II was stayed pending appeal, the stay to become permanent when judgment on count I becomes final. Defendant was credited with having already served 624 days. He appeals from the judgment.

The facts, briefly stated, are as follows: At about 3 a.m., February 2, 1973, defendant broke into the apartment of Theresa Williams and attempted to rape her. Mrs. Williams was neither married to nor acquainted with defendant. She screamed when defendant entered her apartment. A neighbor heard her scream and called the police. Defendant was apprehended while running in the vicinity of Mrs. Williams' apartment by a police unit which was in the area and which arrived at the location 30 seconds after receiving the radio call. Defendant's fly was open and his clothing disarranged when he was taken into custody. He claimed, both to the officer and to the jury, that he was running from a man who had tried to shoot him.

Defendant contends on appeal that the sentencing procedure followed below violates section 654 of the Penal Code. There is no merit to this claim. ■ The prescribed procedure for avoiding multiple punishments in a situation where section 654 applies is to stay execution of sentence as to the less seriously punishable offense. (*People* v. *Beamon*, 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905]; *In re Wright*, 65 Cal.2d 650 [56 Cal.Rptr. 110, 422 P.2d 998].) To the extent that *People* v. *Allen*, 41 Cal.App.3d 196 [115 Cal.Rptr. 839], relied on by defendant, is in conflict with *Beamon* and *Wright*, the latter two cases are, of course, controlling.

Defendant further contends that it was error to give the following jury instruction:

"A witness willfully false in one material part of his testimony is to be distrusted in others. You may reject the whole testimony of a witness who wilfully has testified falsely as to a material point, unless, from all the evidence, you shall believe the probability of truth favors his testimony in other particulars.

"However, discrepancies in a witness' testimony or between his testimony and that of others, if there were any, do not necessarily mean that the witness should be discredited. Failure of recollection is a common experience; and innocent misrecollection is not uncommon. It is a fact, also, that two persons witnessing an incident or a transaction often will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance." (CALJIC No. 2.21.)

■    The instruction correctly states the law. (*People* v. *Blankenship,* 171 Cal.App.2d 66, 83-84 [340 P.2d 282].) It in no way shifts or alters the burden of proof, as defendant claims.

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.