[Crim. No. 18290. First Dist., Div. Two. Nov. 16, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
AARON D. NICHOLSON, Defendant and Appellant.

COUNSEL

Howard J. Berman, under appointment by the Court of Appeal, and Berman & Glenn for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Ann K. Jensen, and Franklin D. Elia, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ROUSE, J.—On appeal from a judgment of conviction for lewd and lascivious conduct upon the body of a child under the age of 14 years appellant contends that the sentencing court erred in committing him to prison on this count since he already had commenced serving a lesser term on a different count, and that the court also erred in sentencing him on a lesser included offense. Neither claim has merit.

### The Evidence

On August 30, 1977, the victim, S., an 11-year-old girl, decided to leave home because of a disagreement with her mother. She went to the home of a 16- to 17-year-old male friend; among those present was appellant, aged 18. When S. informed appellant that she was 13 and that she had run away from home, he said she could stay at his place. She accepted the invitation because she did not want her mother to discover her whereabouts.

Appellant and S. watched television in his home most of the afternoon in the company of his sisters and a friend of theirs. When the others left at about 5 p.m., appellant asked S. whether she "would do something if a friend asked," and she responded that it depended on the question. He led her by the hand to the den where he told her to take off her clothes and to get down on the floor. She stated that she had to go to the bathroom. He accompanied her and threatened to kill her if she tried to close the door.

They went back to the den. S. was crying because of the death threat. Appellant then threatened to hit her in the head with a bottle if

she did not shut up. When he threatened her with a hammer she got down on the floor. She lowered her pants; and appellant lowered his, got on top of her, put his penis "just a little" inside her vagina and "was bouncing up and down on [her]" for "five or ten, fifteen minutes." S. cried throughout the incident.

When it was over appellant told S. to dress and to braid his hair, which she did. He took a knife, held it to her neck, and told S. to go back to her friend's house and that if she told anyone what had happened he would kill her. S. thought she was going to get into trouble, so she told no one of the incident for two and one-half weeks. The day after the incident appellant told an acquaintance that he had intercourse with the victim ("knocked that bitch").

Appellant denied threatening or molesting S. in any way; he admitted hitting her when she called him a homosexual.

### Double Jeopardy Allegation

Appellant was charged in count I with lewd and lascivious acts upon the body of a child under the age of 14 years (Pen. Code, § 288), and in count II with attempted unlawful sexual intercourse (Pen. Code, §§ 664, 261.5). After hearing the above summarized evidence a jury found him guilty of both counts but recommended a county jail sentence as to count II.

On February 21, 1978, the trial court (Hon. Howard W. Hartley) found that appellant was not a mentally disordered sex offender. He then heard argument on appellant's motion for new trial which was based on the allegation that the court erred when it failed to instruct the jury that the crime charged in count I was a lesser included offense in count II. In the alternative appellant moved that the court dismiss count I.

The court stated that the first count more accurately reflected what had happened than did the second, and said, "I think the Court at this time is going to dismiss Count 2." However, after further discussion the court changed its mind and decided to "suspend judgment" on count I while "proceed[ing] only on Count 2." After further discussion the court took the matter of sentence on count II under submission, suspended proceedings, and committed appellant for diagnosis and recommendation pursuant to Penal Code section 1203.03.

Judge Hartley retired while appellant was under this commitment. The matter came before Hon. Gerald E. Ragan on April 25, 1978, at which time counsel on both sides reasserted their positions regarding the proper disposition of the two counts.

On May 3, 1978, after further argument, Judge Ragan rendered his decision. He found that appellant had engaged in one continuous course of conduct involving one victim but two distinct violations—the attempted unlawful sexual intercourse, and the violation of section 288. He noted that he was bound by the jury's recommendation of commitment to county jail as to the "statutory rape," but found that he had the power to suspend imposition of sentence on the "lesser charge...and sentence on the more serious charge." Accordingly he struck count II (§§ 664, 261.5) and sentenced appellant to prison for the middle term of four years on count I (§ 288).

■ Appellant's first assignment of error is that Judge Ragan was bound to sentence him to county jail on count II, because Judge Hartley already had pronounced judgment and sentence on that count. His argument that Judge Ragan's actions placed him in double jeopardy is factually and legally unfounded. Judge Hartley never pronounced judgment on either count. He "suspend[ed] judgment" on count I, "proceed[ed] only on count II," and then suspended proceedings pursuant to section 1203.03. The Legislature has specifically provided for such delay of pronouncement of judgment when section 1203.03 is invoked. (Pen. Code, § 1191.) *People* v. *Thomas* (1959) 52 Cal.2d 521 [342 P.2d 889], upon which appellant relies, is not in point. It holds that a jail sentence cannot be rescinded and replaced with a prison commitment if defendant already has begun serving the sentence or has been restrained under an imposed sentence. This did not occur in the case at bench. Thus sentencing appellant as to count I did not constitute a violation of his right against being placed in double jeopardy.

### *"Lesser Included Offense" Allegation*

Appellant contends that it was error for the court to sentence him on count I because it was a "lesser included offense" of count II.

Count I of the information charged appellant with violation of section 288 in that he "did wilfully, unlawfully and feloniously and lewdly commit a lewd and lascivious act upon and with the body and certain parts

and members thereof of S . . ., a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions and sexual desires of the said defendant and the said child." Count II charged appellant with violation of sections 664 and 261.5 in that he "did wilfully, unlawfully and feloniously attempt to accomplish an act of sexual intercourse with a female person, to wit: S . . ., not his wife, who was then and there under the age of eighteen years, to wit: eleven years."

█ Where an offense cannot be committed without necessarily committing another offense, the latter is "necessarily included" in the former. (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512]; *People* v. *Jarrett* (1970) 6 Cal.App.3d 737, 740 [86 Cal.Rptr. 15].) █ Applying this test to the case at bench, neither charged crime was necessarily included in the other. "It is obvious that the necessary elements of lewd and lascivious conduct could be stated without stating the necessary elements of statutory rape [now known as unlawful sexual intercourse]." (*People* v. *Greer, supra,* 30 Cal.2d at p. 601.) Conversely, one could attempt to commit unlawful sexual intercourse with a minor over the age of 14 and thereby not violate section 288.

█ Where a defendant is charged with one or more offenses and from the language of the pleading the commission of one charged offense necessarily includes the commission of another, the latter is a "necessarily included offense," even though its elements are not within the legal elements of the greater offense as defined by statute. (*People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456]; *People* v. *Troyn* (1964) 229 Cal.App.2d 181, 185 [39 Cal.Rptr. 924].) █ Applying this test to the case at bench we again conclude that neither charged crime was necessarily included in the other. From the language of the pleading quoted above it appears that the charged lewd and lascivious act could have been an act other than the charged attempt to commit unlawful sexual intercourse; and appellant could have attempted to commit unlawful sexual intercourse with the victim in a manner that did not involve a violation of section 288.

█ As to the latter point, although penetration is a required element of the crime of unlawful sexual intercourse, attempted penetration is not an element of the attempt to commit that crime. To constitute an attempt there must be specific intent to commit the crime and a direct ineffectual act done towards its commission which goes further than preparation. Acts short of attempted penetration have been held to suf-

fice. (*People* v. *Welch* (1972) 8 Cal.3d 106, 118 [104 Cal.Rptr. 217, 501 P.2d 225], and cases cited therein; *People* v. *Thomas* (1958) 164 Cal.App.2d 571, 574 [331 P.2d 82].) ■ It follows that attempted unlawful sexual intercourse can occur without the commission of a lewd and lascivious act,[1] and that attempted violation of section 261.5 as pleaded did not necessarily include a violation of section 288.[2] Therefore, applying the traditional tests to the facts herein, this case involves no "necessarily included" offense.[3]

■ Nevertheless, it has long been settled that a violation of section 261.5 is literally "included" in section 288, by the very terms of the latter statute. One of the issues in *People* v. *Greer, supra,* 30 Cal.2d 589, was whether defendant could be convicted of both lewd and lascivious conduct and statutory rape. (*Id.,* at p. 601.) His contention that he could not because the former "includes" the latter was based not upon the rules governing "necessarily included" offenses, but upon the wording and history of section 288. The court agreed with his contention based upon the following analysis.

Before 1937, section 288 punished a defendant who committed any lewd or lascivious act "other than the acts constituting other crimes provided for in part one of this code" upon the body of a child under 14. This wording of the statute led defendants convicted of section 288 violations to raise as a defense the argument that the prosecution had proven, if anything, "other crimes" provided for in part one of the Penal Code, for example rape or attempted rape. The argument did not usually prevail on appeal, but it was often urged. (*People* v. *Greer, supra,* 30 Cal.2d at pp. 601-602.)

A result of this pre-1937 wording of the statute was that rape or attempted rape of a child under 14 carried a lesser penalty than the mere

---

[1]For example, a defendant might kidnap a child by threat, take her to a secluded place, hold her against her will by threat, force her into a helpless and submissive posture, remove his clothing and threaten intercourse. These acts would constitute an attempted unlawful sexual intercourse but all could be accomplished without a lewd and lascivious touching.

[2]One case states that because penetration is required for rape, attempted penetration is an element of attempted rape. (*People* v. *Ray* (1960) 187 Cal.App.2d 182, 189 [9 Cal.Rptr. 678].) This statement is incorrect and it has never been followed. (One decision cited *Ray* for a different proposition. *People* v. *Romero* (1975) 48 Cal.App.3d 752, 757 [121 Cal.Rptr. 800].)

[3]Other tests are now recognized but are not relevant to our inquiry. (See generally, 2 CALJIC (4th ed. 1979) Appen. C, p. 327.)

touching, with the specified intent, of the body of the child. This incongruity, which apparently resulted from the Legislature's desire to avoid two convictions for the same act, was cured by amending the statute in 1937 to punish any lewd and lascivious act *"including* any of the acts constituting other crimes provided for in part one of this code...." (Stats. 1937, ch. 545, § 1, p. 1562, italics added.)

After this amendment, violation of section 288, carrying a penalty of one year to life, could be charged on the basis of acts that also constituted other crimes such as rape or attempted unlawful sexual intercourse; and the prosecution would no longer be required to meet the defense referred to above. (*People* v. *Greer, supra,* 30 Cal.2d at pp. 602-603.)

■ However, a defendant could not be punished twice for the same act or acts. Penal Code section 654 provides that a single act made punishable under several code provisions may be punished only once. "Under section 288, the crime of rape, for example, has been expressly made punishable in different ways and by different provisions of the code. [¶] *Section 288 now specifically includes acts constituting other crimes and permits a greater penalty for those acts,* if they are committed with the specified intent, upon a child under 14 years of age....[T]he crime of statutory rape is included within section 288 by that section's own terms...Now statutory rape committed upon the body of a child under 14 years of age can be punished as a lewd and lascivious act.* It cannot, however, be punished twice,..."(*People* v. *Greer, supra,* 30 Cal.2d at p. 603, italics added.)[4]

The prosecution may charge both offenses, but the jury should be instructed "as in the case of necessarily included offenses," that there can be only one verdict of guilty. (*Id.,* at p. 604.)

This analysis applies to the case at bench. Although we are not dealing with any necessarily included offenses, the evidence clearly showed that the act relied upon to support the charge of attempted unlawful sexual intercourse was the same act that formed the basis for the pros-

---

[4]This language has led some courts to state that the crime of statutory rape or unlawful sexual intercourse is "necessarily included" under the provisions of section 288. (E.g., *People* v. *Toliver* (1969) 270 Cal.App.2d 492, 497-498 [75 Cal.Rptr. 819]; *People* v. *Alva* (1979) 90 Cal.App.3d 418, 428 [153 Cal.Rptr. 644].) The usage is confusing at best and should be avoided.

ecution under section 288. The trial court erred in failing to instruct the jury that it could return no more than one guilty verdict.

The appropriate remedy on appeal would be for the appellate court to reverse the conviction for the less "serious" offense. (*People* v. *Greer, supra,* 30 Cal.2d at p. 599; *People* v. *Cline* (1969) 2 Cal.App.3d 989, 997 [83 Cal.Rptr. 246].)[5] Judge Ragan anticipated the problem and properly sentenced appellant on the more serious conviction while striking the second count.

The judgment is affirmed.

Taylor, P. J., and Miller, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 24, 1980.

---

[5]Under *Greer,* multiple conviction is improper and must be corrected. (Accord, *People* v. *Johnson* (1978) 81 Cal.App.3d 380, 388, fn. 1 [146 Cal.Rptr. 476]; cf., *People* v. *Schueren* (1973) 10 Cal.3d 553, 561 [111 Cal.Rptr. 129, 516 P.2d 833].)