[No. G000601. Fourth Dist., Div. Three. Oct. 30, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
NELSON BECERRA OSUNA, Defendant and Appellant.

**COUNSEL**

Christopher J. Hennes, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Keith I. Motley and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TROTTER, P. J.**—An information charged Nelson Osuna with 11 counts of committing a lewd or lascivious act upon a child under the age of 14 by use of force (Pen. Code, § 288, subd. (b)),[1] nine counts of forcible rape (§ 261, subd. (2)),[2] and two counts of oral copulation (§ 288a, subd. (c)). The alleged offenses spanned a period of 11 months, from May 1981 through March 1982.

---

[1]Section 288 provides, in pertinent part, as follows: "(a) Any person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

"(b) Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or threat of great bodily harm, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six or eight years."

All further statutory references are to the Penal Code.

[2]Section 261, subdivision (2) provides as follows: "Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(2) Where it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person or another."

During trial all counts were dismissed with the exception of counts V and VI (lewd act and forcible rape, respectively, during the period July 1-31, 1981) and counts XXI and XXII (same offenses during the period March 1-31, 1982). A jury found Osuna guilty as charged in counts V and VI, and not guilty of the remaining two counts. He was sentenced to state prison for a term of six years on count V; imposition of sentence on count VI was stayed pending completion of sentence on count V, at which time the stay was to become permanent.

The victim was seven-year-old Janet R. Prior to the filing of charges Osuna had been cohabiting with Janet's mother in a "common law" relationship which commenced in early 1979. Janet testified that during the time she and Osuna were residing in the same household he would sometimes rub her vagina and put his fingers inside. She said this happened "about 11 times." On other occasions he would put his "thing" into her vagina and she would see a liquid she called "mucus" emanating from his penis. She recalled this occurred "every time" her mother left the house and Osuna stayed home with her. She also said it happened "about 25 times." Her mother testified she left Janet with Osuna approximately twice a week. The only date Mrs. R. could recall with any degree of specificity was a day in July 1981 when she went to a reception at Knotts Berry Farm.

Since Osuna threatened to harm her if she ever told her mother about these incidents, Janet did not tell her mother what had been happening until the latter part of April 1982. Her mother testified when she confronted Osuna he admitted he had been abusing Janet for about a year but insisted they had not engaged in sexual intercourse. Osuna denied not only having made this admission but also having ever molested Janet.

Although Janet could not recall the exact dates or details of any of these occurrences, the gist of her testimony was they occurred frequently. She had difficulty in placing any of the incidents in proximity to any other events from which a date or dates could be established. Apparent from the record is her understandable apprehension in responding to the prosecutor's questions, which examination was further encumbered by the need for a translator during the course of the proceedings.

The thrust of Osuna's appeal is his contention the section 261, subdivision (2) conviction must be reversed on the ground a single act cannot be the basis for more than one conviction. However, we first dispose of his alternative claim there was insufficient evidence to support the convictions.

I

Osuna claims there is no evidence to suggest a rape must have occurred on the unspecified date in July 1981 when Janet's mother attended

the reception at Knotts Berry Farm. He contends Janet never testified to any incident occurring during that month and her mother's testimony alone is insufficient to warrant a reasonable inference a crime was committed on that date. We find his argument unpersuasive.

■ "[W]henever the evidentiary support for a conviction faces a challenge on appeal, the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

■ Mrs. R.'s testimony, coupled with Janet's statement Osuna sexually molested her every time she was left alone with him, establishes she was molested in July 1981. When a defendant does not raise a specific alibi defense, the prosecution need only prove the act was committed before the filing of the information and within the period of the statute of limitations. (*People* v. *Fritts* (1977) 72 Cal.App.3d 319, 324 [140 Cal.Rptr. 94]; *People* v. *Aylwin* (1973) 31 Cal.App.3d 826, 841-842 [107 Cal.Rptr. 824]; *People* v. *Amy* (1950) 100 Cal.App.2d 126, 128 [223 P.2d 69].) The jury was properly instructed it was not necessary the proof show a crime was committed on a precise date.

Osuna denied molesting Janet at all during July 1981. Since he did not raise an alibi defense he was neither prejudiced nor misled, and the prosecution was only required to show a crime had occurred sometime between July 1 and July 31, 1981. We are satisfied the jury had sufficient evidence from which to infer a criminal act took place on at least one day during the month of July.

## II

■ Osuna's remaining contention, however, has merit. Relying primarily on *People* v. *Greer* (1947) 30 Cal.2d 589 [184 P.2d 512], he argues when a single act constitutes a violation of both sections 288, subdivision (b) and 261, subdivision (2), a defendant cannot be convicted of both offenses. He claims merely staying imposition of sentence on one of the convictions is not sufficient.

The defendant in *Greer,* convicted of violating former sections 261, subdivision (1) (statutory rape) and 288 urged on appeal the crime of lewd and lascivious conduct "includes" the crime of statutory rape. The court dis-

cussed the language of section 288[3] and concluded "the crime of statutory rape is included within section 288 *by that section's own terms,* and the rape forms the basis for the prosecution under section 288." *(People* v. *Greer, supra,* 30 Cal.2d at p. 603; italics added.) ▇ Later in its opinion the court stated: "The foregoing interpretation of section 288 gives effect to the purpose of the statute without hampering the administration of criminal justice. The prosecution may charge both crimes in the same information. The jury must be instructed, however, that, *as in the case of necessarily included offenses, there can be only one verdict of guilty." (Id.,* at p. 604; italics added.) (See also *People* v. *Nicholson* (1979) 98 Cal.App.3d 617 [159 Cal.Rptr. 766]; *People* v. *Jarrett* (1970) 6 Cal.App.3d 737 [86 Cal.Rptr. 15]; *People* v. *Cline* (1969) 2 Cal.App.3d 989 [83 Cal.Rptr. 246]; *People* v. *Toliver* (1969) 270 Cal.App.2d 492 [75 Cal.Rptr. 819]; *People* v. *Webb* (1958) 158 Cal.App.2d 537 [323 P.2d 141]; *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1].)

*Greer's* holding, then, is premised upon an analogy between sexual offenses punishable under section 288 and necessarily included offenses. ▇ ▇ ▇ We recognize the crime of forcible rape is not "necessarily included"[4] under the provisions of section 288 (see *People* v. *Nicholson, supra,* 98 Cal.App.3d at p. 625, fn. 4), i.e., one *can* commit a lewd act upon a child without committing rape. ▇ However, in the context of *Greer* a section 261 violation is "necessarily included" under section 288 by the latter section's own terms. And when a defendant is found guilty of two offenses, one of which is necessarily included in the other, and the evidence supports the verdict as to the greater offense, the conviction on the lesser offense must be reversed. *(People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].)

We therefore reject the People's contention Osuna was adequately protected when the trial court stayed imposition of sentence on the rape conviction pursuant to section 654.

Section 654 provides "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

---

[3]Section 288 as it then existed was virtually identical to the current version. (See fn. 1, *ante.*) The operative language was and is "including any of the acts constituting other crimes provided for in Part 1 of this code."

[4]"The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense [citation and fn. omitted]." *(People* v. *Greer, supra,* 30 Cal.2d at p. 596.)

The People's position is not unlike that taken by appellate courts which have refused to follow *Greer* (see, e.g., *People* v. *Perkins* (1982) 129 Cal.App.3d 15 [180 Cal.Rptr. 763], and *People* v. *Pearson* (1984) 160 Cal.App.3d 461 [206 Cal.Rptr. 615]) on the ground section 654 bars multiple *punishments,* not multiple *convictions.* We attribute this dichotomy in ·the decisional law to those courts' misconception of the *Greer* rationale. ▆▆▆ While we acknowledge "[s]ection 654 does not preclude multiple convictions but only multiple punishments for a single act or indivisible course of conduct . . . ." (*People* v. *Miller* (1977) 18 Cal.3d 873, 885 [135 Cal.Rptr. 654]), *Greer* did not turn on that section. Rather, the issue was and is whether multiple offenses analogous to necessarily included offenses can yield multiple convictions.

The source of the confusion is undoubtedly the *Greer* court's interchangeable use of the terms "conviction" and "punishment."[5] *People* v. *Pearson, supra,* 160 Cal.App.3d 461, concludes "where defendant has been convicted of two offenses on the basis of a single act, the proper procedure for the trial court under section 654 is to stay sentence on one of the offenses." (P. 469.) This result misconstrues *Greer*'s holding. We disagree with *Pearson*'s comment that "although the issue before the [*Greer*] court was ostensibly whether defendant could be *convicted* under both sections [288 and 261], the issue the court actually addressed was whether defendant could be *punished* under both sections in light of section 654." (*Id.,* at p. 467; italics in original.) *Greer* did not so hold. Despite its purported attempt to clarify the decisional law, the *Pearson* court has fostered further confusion by dwelling on the *Greer* court's unfortunate choice of language. Any doubt as to what was intended by *Greer* is easily resolved by examining our high court's pronouncement in *People* v. *Slobodion, supra,* 31 Cal.2d 555, 561-562, decided just six months later: "In *People* v. *Greer* . . . [w]e . . . held that since section 288 specifically includes acts constituting other crimes mentioned in part one of the Penal Code, a person cannot be *convicted* of both a violation of section 288 and a violation of section 261(1) for the same act. The reasoning of the Greer case would apply to the present one if the charges in both counts were based upon the same act . . . ." (Italics added.) And *Slobodion,* which was entirely overlooked by the *Pearson* court, makes no reference to section 654.

Moreover, *Pearson*'s reliance upon *People* v. *McFarland* (1962) 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449], is misplaced. As stated

---

[5]For example: "This court has not considered until now, however, the question whether a defendant may be *punished* for the same act under both section 288 and another section of part one of the Penal Code. We have concluded that the amended section does not authorize such double *punishment* for the same act or acts." (*People* v. *Greer, supra,* 30 Cal.2d at p. 603; italics added.)

above, we have no problem with the fact section 654 only prohibits double punishment and that *where applicable* the proper procedure is to reverse only insofar as the sentence is concerned. However, in our view, the holdings in *McFarland,* as well as in the majority of the cases upon which *Pearson* relies, including *People* v. *Miller, supra,* 18 Cal.3d 873, and *People* v. *Williams* (1975) 51 Cal.App.3d 65 [123 Cal.Rptr. 891],[6] are applicable only where a defendant has performed two or more acts which are incidental objectives to a principal objective, e.g., burglarizing a home to commit rape (*Williams*) or a business establishment to commit robbery (*Miller*). Such occurrences may be distinguished from a situation such as that presented in *Greer, Pearson,* and, as we shall see, in the case at bar, where multiple convictions are based upon precisely the same act—an act which happens to be punishable under more than one statute.

 Our conclusion that a reversal of an erroneous 261 conviction is required when the underlying act also supports a contemporaneous section 288 conviction, is not purely academic. The practical impact of multiple convictions under those circumstances is that the potential consequences to the defendant render a stay inadequate. Pursuant to section 667.51, subdivision (a), "[a]ny person who is found guilty of violating Section 288 shall receive a five-year enhancement for *each prior conviction* of an offense listed in subdivision (b) . . . ." (Italics added.) Included in subdivision (b) are both sections 261 and 288. Section 667.6 also provides for a five-year enhancement for each prior *conviction* of sections 261, subdivision (2) and 288 where a defendant is found guilty of those same offenses. In both instances the enhancement is based upon a prior *conviction*—not the serving of a prior prison term. (Cf., e.g., § 667.5, subd. (a).) Thus, a defendant erroneously convicted of violating section 261 or an analogous offense, if subsequently found guilty of the same or similar offense, is subject to an unwarranted 10-year enhancement. We realize this is merely a *potential* consequence which only comes into play if the individual is subjected to an application of the enhancement statutes. However, the possibility of an undue additional five-year sentence is serious enough to bar the erroneous conviction in the first place.[7]

---

[6]*People* v. *Perkins, supra,* 129 Cal.App.3d 15, also relied on *Miller* and *Williams* to support its conclusion the trial court committed no error in convicting the defendant of violating sections 261.5 (unlawful sexual intercourse) and 288. Further, the *Perkins* court erred when it said: "As *People* v. *Webb* and *People* v. *Greer* make clear, while defendant could be charged for unlawful intercourse under either section 288 or 261.5, the erroneous conviction under both sections for one unlawful act is remedied not by a reversal of the more serious conviction . . ., but by sentencing on the more serious offense and staying the less serious conviction. (See *People* v. *Nicholson* (1979) 98 Cal.App.3d 617, 625-626 [159 Cal.Rptr. 766].)" (*Perkins, supra,* at p. 21, fn. 4.) In fact, *Webb, Greer* and *Nicholson* all held to the contrary.

[7]Moreover, it is common knowledge in sex abuse cases involving young children that

## III

The foregoing principle, however, is beneficial to Osuna only if it can be determined the act underlying each conviction was the same. Osuna was convicted of committing a lewd act and forcible rape during the month of July 1981. The only evidence of a July act was Mrs. R.'s testimony. The jurors were instructed they were required to agree on one specific act before returning a guilty verdict. In the absence of any other evidence as to the commission of a crime during the month of July, we can only conclude the jury based its multiple convictions on the same act. Our conclusion is buttressed by the fact both the trial judge and defense counsel perceived a "section 654 problem." Although we are convinced application of section 654 does not cure an otherwise improper multiple conviction, the court's reliance upon this section, albeit erroneous, can only mean it viewed the underlying acts as the same.

## IV

Finally, our review of the record discloses a sentencing error not raised by Osuna which, coincidentally, is identical to an error found by the court in *People* v. *Pearson, supra,* 160 Cal.App.3d 461. Osuna was sentenced to the middle term of six years for his section 288, subdivision (b) conviction. Although this would have been the correct sentence had the violation occurred on or after January 1, 1982, when the penalty for the middle term was increased to six years, the act underlying Osuna's conviction occurred in July 1981. At that time the middle term for a violation of section 288, subdivision (b) was five years.

The judgment as to count V is therefore modified to reflect imposition of sentence for the middle term as five years, and the trial court is ordered to amend the abstract of judgment accordingly. The conviction on count VI is reversed. In all other respects the judgment as modified is affirmed.

Wallin, J., and Sonenshine, J., concurred.

A petition for a rehearing was denied November 28, 1984.

---

some prosecutorial agencies, anticipating difficulty in proving rape, proceed only under section 288. In those instances a defendant who is found guilty of violating section 288 receives the benefit of a single conviction, whereas one who is prosecuted under both sections is subjected to disparate treatment solely at the discretion of the prosecution.