[No. B016172. Second Dist., Div. Five. June 5, 1986.]

THE PEOPLE, Plaintiff and Appellant, v.
LARRY WAYNE LATHROP, Defendant and Respondent.

**COUNSEL**

Ira Reiner, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Brian D. Stromsoe for Defendant and Respondent.

**OPINION**

**EAGLESON, J.**—The People appeal from an order granting defendant probation following his conviction for various sex offenses against three young boys. Since we determine that the trial court had no authority to grant probation, we reverse and remand with directions for resentencing.

### FACTS

Defendant was convicted by a jury of two counts of oral copulation of a child under 14 years of age and more than 10 years younger than himself (Pen. Code, § 288a, subd. (c)—counts I and IV), and six counts of lewd and lascivious conduct with a child under 14 years of age (Pen. Code, § 288,

subd. (a)—counts II, III, V, VI, VII, VIII).[1] The jury further found that as to the lewd conduct charges in counts II and V, defendant occupied a position of special trust and committed an act of substantial sexual conduct. (§ 1203.066, subd. (a)(9).)

This avoidable appeal concerns the manner in which the trial court resolved a routine section 654[2] problem involving two of appellant's eight convictions, so as to grant appellant probation.

A single act of oral copulation on Jay G. on September 10, 1983, formed the basis of the charges in counts I and II. A similar act on the same victim on October 6, 1983, formed the basis of the charges in counts IV and V. The jury was not instructed that it could return only one guilty verdict as between counts I and II, and one guilty verdict as between counts IV and V. The parties agree that failure to give this instruction was error.[3]

The jury returned guilty verdicts on all counts charged in the information. Before judgment was entered, defendant moved for a new trial. He argued that the instructional error and resulting multiple convictions could be cured in one of two ways. The trial court could either grant a motion for new trial (§ 1181) or, under subdivision 6 of the same section,[4] enter judgment only as to the lesser included offenses in counts I and IV. (See fn. 3.)

The People argued that under the general rule set forth in *People* v. *Osuna* (1984) 161 Cal.App.3d 429 [207 Cal.Rptr. 641], and *People* v. *Cline* (1969) 2 Cal.App.3d 989 [83 Cal.Rptr. 246], a defendant must be sentenced for the greater offense, and the convictions on the lesser included offenses (counts I and IV) must be stricken. Consequently, the People offered to dismiss counts I and IV and pointed out to the court that appellant should

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[3]Since section 288a offenses are included in section 288 offenses (*People* v. *Cline* (1969) 2 Cal.App.3d 989, 997 [83 Cal.Rptr. 246]), the prosecution may charge defendant with both crimes even though defendant committed one act of oral copulation. However, the jury must be instructed that there can be only one verdict of guilty. (*People* v. *Greer* (1947) 30 Cal.2d 589, 604 [184 P.2d 512].)

[4]Section 1181, subdivision 6 provides: "When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial . . . ."

be sentenced on counts II and V pursuant to section 1203.066.[5] This section precludes granting probation, suspending the execution or imposition of sentence, or striking findings which bring the defendant within its provisions.

For reasons discussed below, the trial court rejected this argument and, following defendant's suggestion, "refrain[ed] from entering" the jury's verdict as to counts II and V. The court then imposed sentence on the remaining counts for a total of 12 years in state prison. Sentence was suspended and defendant was granted probation.[6] It is from this order that the People appeal.

## DISCUSSION

■ The sole issue is whether the trial court erred in striking the section 288 convictions (counts II and V) and the related findings under section 1203.066, subdivision (a)(9). The People again argue that since a prison sentence is mandatory under section 1203.066, the court had no discretion to sentence defendant under counts I and IV, thereby making him eligible for probation.

Section 654 applies where a defendant who has committed a single act of oral copulation against a child under the age of 14 has been convicted of violating both section 288 and the lesser included offense of section 288a. (*People* v. *Webb* (1958) 158 Cal.App.2d 537, 541 [323 P.2d 141].) The rule is clear that this erroneous dual conviction is remedied by setting aside the conviction and sentence for the less severely punishable offense. (*People* v. *Osuna, supra,* 161 Cal.App.3d 429, 433-434; *People* v. *Blevins* (1984) 158 Cal.App.3d 64, 68 [214 Cal.Rptr. 124]; *People* v. *Cline, supra,* 2 Cal.App.3d 989, 997.)

In this case, the less severely punishable offenses were the section 288a convictions. Although both offenses carry base terms of three, six or eight

---

[5]Section 1203.066 provides, in pertinent part: "(a) Notwithstanding Section 1203, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385, for any of the following persons:

". . . . . . . . . . . . . . . . . .

"(9) A person who occupies a position of special trust and commits an act of substantial sexual conduct. 'Position of special trust' means that position occupied by a person in a position of authority who by reason of that position is able to exercise undue influence over the victim. Position of authority includes, but is not limited to, the position occupied by a natural parent, adoptive parent, stepparent, foster parent, relative, household member, adult youth leader, recreational director who is an adult, adult athletic manager, adult coach, teacher, counselor, religious leader, doctor, or employer."

[6]The 12-year probationary period contained various conditions including completion of 2 years in county jail.

years (§§ 288, subd. (a), 288a, subd. (c)), only the 288 convictions trigger the mandatory prison sentence provisions of section 1203.066. Thus, the court should have struck the section 288a convictions in counts I and IV, rather than the section 288 convictions in counts II and V.

The court chose not to follow this rule, however, because it thought defendant should receive probation. At the hearing on defendant's motion for a new trial, the court indicated that section 1181, subdivision 6 was a means to this end: "By the court not having instructed the jury that they could only find [defendant] guilty of one of counts I and II and only one of counts IV and V, the jury was permitted to find him guilty of both . . . and that has resulted in their having been permitted an opportunity to find the facts that have by their verdict denied him of any opportunity for probation. . . . [¶] The only support I would have in this case for applying [section 1181, subdivision (6)] to the factual situation [here] is that I know, as we all do, that he cannot be guilty of both in each respective instance . . . . [¶] And so he will go out of here guilty only of the one that is the lesser and not of the greater . . . . [¶] . . . [I]t permits him an opportunity to ask for probation."

The court reasoned that only through probation could defendant rehabilitate himself: "The court acknowledges the fact that [defendant] is a danger to others. [¶] The court, however, is mindful of the fact that unless . . . he is successfully educated to that subject within his own mind, he will be of equal danger to members of the public at any time in the future as he is today. . . . [¶] . . . I have in the past observed successful maturing and growth of persons who have been in his comparable situation. [¶] And I have had the enjoyable experience in the past of having such persons' probation terminated and record cleansed . . . after they have completely complied with their conditions of probation . . . ." At no point during this litany did the court entertain any doubt as to defendant's guilt on all charges.

It is clear from the court's statement of reasons that it abused its discretion under section 1181, subdivision 6. That section allows the court to "modify the verdict" to reflect a lesser included offense only if "the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted . . . ." Although the court was aware of this limitation, it did not find, nor did defendant argue, that there was insufficient evidence to support the verdict and findings under counts II and V. Therefore, the court improperly used this section to accomplish indirectly what it could not do directly under section 1203.066—grant probation.

The court's action also cannot be upheld as a proper exercise of discretion under section 1385.[7] This section creates, among other things, a broad power to dismiss all or part of a criminal action after the jury has rendered a guilty verdict, if such a dismissal furthers the interests of justice. (*People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138].) This discretion is absolute except where the Legislature has specifically curtailed it. (*People* v. *Marsh* (1984) 36 Cal.3d 134, 143 [202 Cal.Rptr. 92, 679 P.2d 1033].)

The mandatory language of section 1203.066 provides such a limit on the court's discretion. Subdivision (a) specifically states that "probation shall not be granted to" a person described therein, "nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 . . . ." Since there was sufficient evidence to support the jury's findings under section 1203.066, subdivision (a)(9), the trial court had no discretion to strike them as part of its section 654 remedy.

### DISPOSITION

The order suspending imposition of sentence and placing defendant on probation is reversed. The convictions and sentences under counts I and IV are also reversed. The court is further directed to reinstate the jury's verdicts and findings under counts II and V, and resentence defendant accordingly.

Feinerman, P. J., and Ashby, J., concurred.

---

[7]Section 1385 provides: "The judge or magistrate may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."