61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. PARKER, Petitioner-Appellant,
v.
George INGLE, Warden, Respondent-Appellee.
 No. 94-16982.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided July 26, 1995.
 
 Before: SNEED, CANBY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California State prisoner James Parker appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. He challenges his conviction of three counts of lewd acts on the body of a child by the use of force. He argues that the district court erred in finding that there was sufficient evidence that he used force and that the district court erred when it determined that his challenge to his consecutive state sentences was not a cognizable habeas corpus claim. We affirm.
 
 
 3
 1. Parker's first claim is that there was insufficient evidence that he used force when he engaged in certain of his lewd acts. What his challenge comes to is an assertion that what he did was not "force" within the meaning of California Penal Code Section 288(b). The weight of California law is to the contrary. See People v. Bolander, 23 Cal.App.4th 155, 160-161, 28 Cal.Rptr.2d 365, 368 (1994); People v. Bergschneider, 211 Cal.App.3d 144, 153-54, 259 Cal.Rptr. 219, 223-24 (1989); People v. Pitmon, 170 Cal.App.3d 38, 48, 53-54, 216 Cal.Rptr. 221, 225, 229 (1985); People v. Cicero, 157 Cal.App.3d 465, 484, 204 Cal.Rptr. 582, 596 (1984). In this case, the California Court of Appeal followed that law. It is true that we must determine whether the evidence could support the verdict. See Jackson v. Virginia, 443 U.S. 307, 313-316, 99 S.Ct. 2781, 2785-2787, 61 L.Ed.2d 560 (1979); see also Payne v. Borg, 982 F.2d 335, 339 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 131, 126 L.Ed.2d 94 (1993). But California law is what we must measure the evidence against. On that basis, there was no violation of Parker's due process rights when he was convicted of those offenses.
 
 
 4
 2. Parker also complains that he received consecutive sentences from a California trial judge who did not understand that he had discretion not to sentence Parker in that manner. It is undoubtedly true that the sentencing judge did have discretion to give Parker something other than three consecutive sentences. See, e.g., People v. Fritz, 40 Cal.3d 227, 229-230, 219 Cal.Rptr. 460, 461, 707 P.2d 833 (1985), superseded by statute on other ground as noted in People v. Salazar, 194 Cal.App.3d 634, 239 Cal.Rptr. 746 (1987); People v. Williams, 30 Cal.3d 470, 483, 179 Cal.Rptr. 443, 450, 637 P.2d 1029 (1981), superseded by statute on other ground as noted in Raven v. Deukmejian, 52 Cal.3d 336, 276 Cal.Rptr. 326, 801 P.2d 1077 (1990); People v. Superior Court (Himmelsbach), 186 Cal.App.3d 524, 539-40 & n. 10, 230 Cal.Rptr. 890, 901 & n. 10 (1986), limited on other ground by People v. Norrell, 33 Cal.App.4th 1217, 39 Cal.Rptr.2d 763 (1995); People v. Lathrop, 181 Cal.App.3d 1217, 1222, 227 Cal.Rptr. 34, 37 (1986). It is also true that state laws can create liberty interests which if violated will give rise to valid federal habeas corpus claims. See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994); Ballard v. Estelle, 937 F.2d 453, 456 (9th Cir.1991); Wasko v. Vasquez, 820 F.2d 1090, 1091 n. 2 (9th Cir.1987). Finally, there was some ambiguity in the sentencing judge's comments about his sentencing authority. However, the California Court of Appeal determined that the sentencing judge was not ignorant of California law and resolved the ambiguity by determining that the sentencing judge was only referring to one of defendant's arguments. The sentencing judge's ruling on that argument was correct. We, of course, owe deference to the Court of Appeal determination. See Parker v. Dugger, 498 U.S. 308, 320, 111 S.Ct. 731, 739, 112 L.Ed.2d 812 (1991). Because that determination was fairly supported by the record, we find no error cognizable on habeas corpus.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3