Filed 9/11/15  In re B.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  B.M.,  Defendant and Appellant. | E061724  (Super.Ct.No. SWJ1400118)  OPINION |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Reversed in part and remanded; affirmed in part as modified.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following a jurisdictional hearing, the trial court sustained the allegations in a juvenile wardship petition charging defendant and appellant B.M. (minor) with sexually assaulting Jane Doe 1 (four years old) and Jane Doe 2 (six years old).  On July 24, 2014, the court adjudged minor its ward and placed him on probation under various terms and conditions.  He appeals, seeking reversal of four offenses as lesser included of two other offenses.  He also challenges two conditions of probation as being unconstitutionally vague and overbroad.  We reverse in part, modify the probation conditions at issue, and remand.  Otherwise, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2014, minor sexually assaulted Jane Doe 1 and Jane Doe 2.  Minor forced Jane Doe 1 to orally copulate him in the bathroom of his house, forcing her to swallow his ejaculate, ignoring her pleas of "'No, don't do it.'"  He also forced Jane Doe 2 to orally copulate him in his bedroom, pushing her head down with one hand and forcing her mouth onto his penis with the other.  Other pertinent facts will be discussed as necessary.

The Riverside County District Attorney charged minor with the following crimes:

Allegation 1[1]—forcible oral copulation of Jane Doe 1 (Pen. Code,[2] § 288a, subd. (c)(2)(B));

---

[1]  The charging document characterizes each allegation as "PARAGRAPH."  For ease of reference, we will use the term "allegation."

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

Allegation 2—aggravated sexual assault (forcible oral copulation) of Jane Doe 1, seven or more years younger than defendant (§ 269, subd. (a)(4));

Allegation 3—forcible lewd act with a minor under the age of 14, Jane Doe 1 (§ 288, subd. (b)(1));

Allegation 4—forcible oral copulation of Jane Doe 2 (§ 288a, subd. (c)(2)(B));

Allegation 5—aggravated sexual assault (forcible oral copulation) of Jane Doe 2, seven or more years younger than defendant (§ 269, subd. (a)(4)); and

Allegation 6—forcible lewd act with a minor under the age of 14, Jane Doe 2 (§ 288, subd. (b)(1)).

The trial court found each of the allegations to be true. Minor appeals, contending (1) the true findings on allegations 1, 3, 4, and 6 are lesser included offenses of counts 2 and 5, requiring their reversal, and (2) the conditions of probation prohibiting minor from contact with any male or female under the age of 14 and from possessing sexually explicit materials are unconstitutionally vague and overbroad.

## II. DISCUSSION

**A. Lesser Included Offenses**

Minor contends, and the People concede, that the offenses alleged in allegations 1 and 4 (forcible oral copulation with a child under 14 years of age (§ 288a, subd. (c)(2)(B)) are the lesser included offenses of allegations 2 and 5 (aggravated sexual assault by means of forcible oral copulation with a child under 14 (§ 269, subd. (a)(4)), respectively. However, the People disagree that the offenses alleged in allegations 3 and 6 (forcible lewd and lascivious act upon a child under 14 (§ 288, subd. (b)(1)) are the

3

lesser included offenses of allegations 2 and 5 (aggravated sexual assault by means of forcible oral copulation with a child under 14 (§ 269, subd. (a)(4)), respectively.

### 1. *Further Background Information*

When they were interviewed by law enforcement and child welfare personnel, each victim described a single instance of defendant forcing her to orally copulate him. Prior to the commencement of the jurisdictional hearing, defense counsel asked the prosecutor to confirm that the allegations in the petition addressed a single act against each victim charged "in the alternative." The prosecutor indicated that the allegations were interrelated and overlapping; and the court acknowledged this was one act against each victim charged in multiple ways.

### 2. *Applicable Law*

"In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct." (*People v. Reed* (2006) 38 Cal.4th 1224, 1226 (*Reed*); see also § 954.) However, "[a] judicially created exception to the general rule permitting multiple convictions 'prohibits multiple convictions based on necessarily included offenses.' [Citation.]" (*Reed*, *supra*, at p. 1227.) Where the validity of multiple convictions is at issue, the statutory elements test is used to determine whether an offense is necessarily included in another. (*Id.* at p. 1231.) "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Id.* at p. 1227.) In *People v. Medina* (2007) 41 Cal.4th 685, our Supreme Court reaffirmed a

4

longstanding rule requiring dismissal of a lesser included offense when the defendant is convicted of both the greater and the lesser offenses. (*Id*. at pp. 701-702.)

In pertinent part, section 288, subdivision (b)(1) provides: "Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony and shall be punished by imprisonment in the state prison for 5, 8, or 10 years." Section 288, subdivision (a), provides in relevant part that "any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in state prison for three, six, or eight years." Thus, nonaggravated lewd conduct on a child under the age of 14 in violation of section 288, subdivision (b) is a specific intent crime, i.e., it requires proof of the *specific intent* to "arous[e], appeal[] to, or gratify[] the lust, passions, or sexual desires of" of the perpetrator or the victim. (§ 288, subds. (a) & (b)(1); *People v. Warner* (2006) 39 Cal.4th 548, 556 [lewd conduct on a child under the age of 14 in violation of section 288 is a specific intent crime].)

In contrast, section 269, subdivision (a), in relevant part, provides: "Any person who commits any of the following acts upon a child who is under 14 years of age and seven or more years younger than the person is guilty of aggravated sexual assault of a child. [¶] . . . [¶] (4) Oral Copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a." (§ 269, subd. (a)(4).) Aggravated sexual assault

5

in violation of section 269, subdivision (a)(4) does not require any specific intent or purpose. (*People v. Dillon* (2009) 174 Cal.App.4th 1367, 1380 ["forcible sexual penetration is a general intent crime"].) Rather, it is committed "against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (§§ 288a, subd. (c)(2)(B), 269, subd. (a)(4).) No specific intent to arouse the passions of the perpetrator or victim is required.

Under the statutory elements test, nonaggravated lewd conduct (§ 288, subd. (b)(1)) is not a necessarily included lesser offense to aggravated sexual assault of a child 14 years or younger (§ 269, subd. (a)(4)) because the greater offense can be committed without the specific intent of arousing the passions of the perpetrator or the victim, a necessary element of a violation of section 288, subdivision (b)(1).[3]

## B. Probation Conditions

Minor contends his probation conditions, which provide that he "[h]ave no contact with any male or female under the age of 14 years, unless accompanied by an informed, responsible adult, approved by the Probation Officer," and that he "'[n]ot possess sexually explicit material,'" are unconstitutionally vague and overbroad. The People do not oppose modifying them to add a scienter requirement. We agree.

The specific condition that prohibits minor from having any "'contact with any male or female under the age of 14, unless accompanied by an informed, responsible

---

[3] Minor's reliance on *People v. Lathrop* (1986) 181 Cal.App.3d 1217, 1220 for the proposition that section 288a offenses are included in section 288 offenses is misplaced. The question before this court is whether a section 288 offense is a lesser included offense to a section 269, subdivision (a)(4) offense.

adult, approved by the probation officer,'" is directly related to minor's crimes, prohibiting his future criminality, and protecting defenseless children under 14 years of age. While this condition may indeed "restrict[] his ability to go to parks, movie theater[s] or any other recreational facility, or even restaurants, unless accompanied by a responsible adult," it is reasonable, given the "circumstances and the minor." (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203; see also *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941 ["The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of . . . constitutional rights . . . .'"].) However, to the extent minor could unwittingly violate this condition as written, i.e., by associating with someone he reasonably believed to be age 14 or older, the People support modifying the condition to read: "'Have no contact with any male or female the minor knows or reasonably should know is under the age of 14 years, unless accompanied by an informed, responsible adult approved by the probation officer.'" We agree and hereby order this condition to be modified by adding the scienter requirement.

The specific condition that prohibits minor from "possess[ing] . . . sexually explicit materials" is unconstitutionally vague because it sets "an inherently subjective standard" that "does not sufficiently provide [the] defendant with advance knowledge of what is required of him." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1352-1353 (*Pirali*); see also *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436.) Relying on the *Pirali* decision, the People support modifying this condition. We agree and hereby order this condition to be modified to read: "Not knowingly purchase or possess any

7

pornographic or sexually explicit materials."  (See *People v. Hall* (2015) 236 Cal.App.4th 1124, 1134.)

## III.  DISPOSITION

The true findings on allegations 1 and 4 are reversed, and allegations 1 and 4 are dismissed.  The probation condition that presently states, "Have no contact with any male or female under the age of 14 years, unless accompanied by an informed, responsible adult, approved by the probation officer" is modified to state:  "Have no contact with any male or female the minor knows or reasonably should know is under the age of 14 years, unless accompanied by an informed, responsible adult approved by the probation officer."  The probation condition that presently states, "Not possess sexually explicit materials" is modified to state:  "Not knowingly purchase or possess any pornographic or sexually explicit materials."  The case is remanded to the juvenile court to prepare amended minutes reflecting these modifications.  As modified, the dispositional order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
                                                                                                            J.

We concur:


RAMIREZ
                    P. J.

MILLER
                J.

8