[No. C063214. Third Dist. May 5, 2011.]

LEON SCHIMMEL, Plaintiff and Respondent, v.
HARRIS LEVIN et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

\*Pursuant to California Rules of Court, rule 8.1100, this opinion is certified for publication with the exception of parts II., III., IV., and V. of the Discussion.

COUNSEL

Wilke, Fleury, Hoffelt, Gould & Birney, Daniel L. Baxter and Kelli M. Kennaday for Defendants and Appellants.

Bohm Law Group and Lawrance A. Bohm for Plaintiff and Respondent.

OPINION

**RAYE, P. J.**—After the trial court found Attorney Kelli M. Kennaday possessed plaintiff Leon Schimmel's confidential material information in a

prior action, the court disqualified Kennaday and her firm, Wilke, Fleury, Hoffelt, Gould & Birney, LLP (Wilke Fleury), from its representation of Harris Levin, Community Health Associates Multispecialty Medical Group, Inc., and various other defendants (collectively, Community Health). The court struck Community Health's petition to compel arbitration, filed by Kennaday, and granted it 60 days to refile the petition. Community Health appeals, arguing the trial court erred in disqualifying Wilke Fleury, and rather than striking the petition, the trial court should have ruled on the petition prior to the later-filed disqualification motion. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Parties*

Community Health is a professional corporation of medical doctors who provide medical services to patients of Sutter Health, Inc. Schimmel, a physician, began working for Community Health in 1993. Schimmel was responsible for providing medical services in the obstetrics and gynecology department. Levin was the president and chairman of the board of Community Health; the other individually named defendants were members of the board of directors.

In 1995 Schimmel was elected to the position of medical director. For the next 11 years, Schimmel managed the health care services provided by physicians in his medical group. Part of his responsibilities included administering internal investigations regarding possible misconduct and other potential legal actions.

*Prior Litigation and Prior Representation*

In October 2002 Dr. Diane Cabana filed a civil suit naming Community Health, Levin, and Schimmel as defendants. Cabana alleged nine causes of action arising from her past employment with Community Health, including sex discrimination, harassment, retaliation, wrongful termination, breach of contract, and defamation.

According to Cabana's complaint, Schimmel lied about her professional competency. Cabana claimed Levin was notified of Schimmel's inappropriate employee management but retaliated against her and defamed her.

Kennaday and Wilke Fleury were appointed by SCIPIE Indemnity Company to represent Schimmel's interest in the litigation. Community Health and Levin were represented by other counsel. Over time, Schimmel had numerous

conversations with Kennaday regarding arbitration, possible defenses, litigation strategies, concerns about his reputation, financial information, job performance, litigation risk, settlement, and criticism of management, among other issues. In her defense of Schimmel, Kennaday argued he properly managed Cabana's performance.

The parties went to mediation. During mediation, Schimmel and Kennaday discussed settlement negotiation strategies, litigation strategies, and other areas of concern. Mediation proved unsuccessful and the matter continued in litigation.

Schimmel attended Levin's deposition, taken by Cabana's counsel. Kennaday represented Schimmel at the deposition. Schimmel made comments to Kennaday regarding Levin's attributes as a witness, including his credibility and his management of the medical group.

Kennaday contacted Schimmel in January 2004, informing him that she would seek to compel arbitration of the litigation. Schimmel and Kennaday discussed various aspects of arbitration, including how the arbitration agreement was developed, the pros and cons of enforcing arbitration agreements, and Schimmel's personal views on arbitration.

Schimmel conferred with Kennaday about the factual and legal issues of the litigation, the possibility of settlement, and other litigation issues. The case subsequently settled in April 2004.

After the Cabana case settled, Schimmel learned Levin retained Kennaday in place of Levin's former counsel. Kennaday was hired to provide counsel on revising Community Health's arbitration and employment agreements.

*The Current Litigation and Representation*

In February 2006 Levin raised questions regarding Schimmel's job performance. A month or so later, Schimmel was contacted by Community Health regarding communication issues brought to the attention of the board by other physicians. In March and November 2007 Schimmel was criticized and disciplined. More complaints regarding Schimmel's job performance followed, and in January 2008 Schimmel was summoned to appear before the board of directors.

Subsequently, Schimmel was placed on administrative leave pending an informal hearing. At the March 2008 hearing, Schimmel claimed the personnel action was retaliation for his efforts to ensure high quality patient care.

In May 2009 Schimmel filed an amended complaint against Community Health alleging improper suspension and termination from his employment with Community Health. In connection with his employment with Community Health, Schimmel had previously entered into a written arbitration agreement.

Kennaday filed a petition to compel arbitration on behalf of Community Health on June 12, 2009. The court set the petition for hearing on August 27, 2009, the earliest available court date.

On August 3, 2009, Schimmel filed a motion to disqualify Kennaday and Wilke Fleury as counsel for Community Health. Schimmel alleged Kennaday possessed confidential information in the context of her successive representation of adverse clients. Schimmel also requested the pleadings prepared by Kennaday be stricken.

Wilke Fleury opposed the motion to disqualify and filed a reply regarding the petition to compel arbitration. Kennaday submitted a declaration in support of the opposition. Wilke Fleury argued no substantial relationship existed between the successive representations, and Schimmel had waived the conflict.

In opposing the petition to compel arbitration, Schimmel argued the motion to disqualify should be heard first among the motions pending at the August 27, 2009, hearing.

Prior to oral argument, the trial court issued a tentative ruling granting Schimmel's motion to disqualify. The court determined: "The evidence submitted supports a finding that Ms. Kennaday actually possesses confidential information adverse to the plaintiff. Ms. Kennaday had a direct role in representing the plaintiff in Cabana v. Community Health . . . , and information material to the evaluation, prosecution, settlement or accomplishment of the plaintiff's defense in the Cabana lawsuit is also material to the evaluation, prosecution, settlement or accomplishment of the prosecution and defense of the current lawsuit."

The trial court also found, "[i]t has not been established that the plaintiff agreed to Ms. Kennaday or Wilke Fleury's representation of the defendants in matters adverse to the plaintiff's interests." In addition, the trial court struck all papers filed by disqualified counsel and allowed Community Health 60 days to file new papers.

At oral argument, Community Health argued the order striking the petition for arbitration was improper. Community Health noted Schimmel had not

filed a motion to strike. In addition, according to Community Health, a disqualification order operates prospectively, and there is no authority for striking prior pleadings based on a later finding of disqualification. On the issue of consent, Community Health argued consent operates as an equitable principle. Community Health described Schimmel's objection to Kennaday's representation of Community Health as inequitable.

The trial court acknowledged Community Health's desire to use their general counsel, but concluded "it would also be reasonable to expect that that law firm would have to disqualify itself. That it's not . . . out of the ordinary." The trial court observed that Kennaday had a "very close working relationship" with Schimmel. Given that relationship, Schimmel "would have reason to expect that the lawyer that defended him would not . . . be defending the company against his lawsuit now." The court took the matter of striking the prior pleadings under submission.

The trial court issued a final order affirming its tentative ruling disqualifying Kennaday and Wilke Fleury. The court also struck the motion to compel arbitration without prejudice, allowing 60 days for Community Health's new counsel to file the new papers. Following entry of judgment, Community Health filed a timely notice of appeal.

## DISCUSSION

### I.

Community Health argues the trial court erred in striking its petition to compel arbitration. Instead, according to Community Health, the court should have heard and ruled upon the petition. According to Community Health, the proper course would have been to grant the petition and then stay the action and allow the arbitrator to hear the remaining motions, including Schimmel's disqualification motion.

Schimmel argues the trial court's stay of the petition for arbitration is not an appealable order. However, an order staying arbitration is the "functional equivalent of an order refusing to compel arbitration." (*Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94, 99 [284 Cal.Rptr. 255].) An order denying a petition to compel is immediately appealable. (Code Civ. Proc., § 1294.) Therefore, an order staying an arbitration is immediately appealable. (*Henry, supra,* 233 Cal.App.3d at p. 99; *Sanders v. Kinko's, Inc.* (2002) 99 Cal.App.4th 1106, 1108–1109 [121 Cal.Rptr.2d 766].)

Community Health challenges the court's order staying arbitration on a variety of grounds. Community Health contends Schimmel failed to timely

oppose its petition to compel arbitration. Therefore, the trial court should have ordered the case to arbitration. Community Health also argues its petition was entitled to statutory priority. In addition, Community Health claims Schimmel failed to properly move for an order striking Community Health's pleadings, and the order was based on an improper retroactive application of the trial court's disqualification order. Finally, Community Health claims Schimmel failed to present any evidence as to why the underlying arbitration agreement would not apply.

All of these contentions thrive only if Community Health completely separates the trial court's disqualification of Kennaday from the petition for arbitration she drafted for Community Health. However, despite Community Health's strenuous efforts to sunder these two issues, they are neither separable nor unrelated.

The trial court found Kennaday "actually possesses confidential information adverse" to Schimmel, and that Schimmel had not agreed to Kennaday's representation of Community Health. After finding Kennaday disqualified from representing Community Health, the trial court struck all papers filed by Kennaday and her law firm and allowed Community Health 60 days to file new motions.

■ The trial court possesses the power to control judicial proceedings in the furtherance of justice. (Code Civ. Proc., § 128, subd. (a)(5).) Here, after finding Kennaday disqualified from representing Community Health, the trial court sought to minimize any possible injustice to Schimmel by striking any pleadings Kennaday had filed on Community Health's behalf.

"Every court has the inherent power, in furtherance of justice, to regulate the proceedings of a trial before it; to effect an orderly disposition of the issues presented; and to control the conduct of all persons in any manner connected therewith. [Citations.] The exercise of this power is a matter vested in the sound legal discretion of the trial court, subject to reversal on appeal only in those instances where there has been an abuse of that discretion." (*People v. Miller* (1960) 185 Cal.App.2d 59, 77 [8 Cal.Rptr. 91].)

However, Community Health argues the abuse of discretion standard does not apply to the trial court's action. Instead, Community Health contends, the only salient evidence before the trial court was the language of the arbitration agreement, which presented a question of law subject to de novo review. Again, Community Health's argument depends utterly on divorcing the arbitration agreement from the court's disqualification of Kennaday. While the language of the arbitration agreement might be undisputed, the parties vigorously disputed the question of disqualification, a question of fact which ultimately led the court to strike the pleadings filed by Kennaday.

■ Given the court's finding that Kennaday possessed confidential information adverse to Schimmel, its striking of pleadings filed by her arose from its concern about any unfairness to Schimmel in having counsel take an adverse position while possessing such information. We find no abuse of discretion in the trial court's action.[1]

## II.–V.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. Schimmel shall recover costs on appeal.

Blease, J., and Hull, J., concurred.

---

[1] Community Health argues the general authority of the trial court to "manage judicial proceedings" is not a "panacea" and does not "trump" the mandatory notice requirements with which Schimmel failed to comply. Tellingly, Community Health provides no statutory or legal support for its claims.

[*] See footnote, *ante*, page 81.