Filed 10/17/22 350 WSJ v. Winchester Plaza On The Row CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| 350 WSJ LLC et al., | H049212 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 18CV321720) |
| v. | |
| WINCHESTER PLAZA ON THE ROW et al., | |
| Defendants and Respondents. | |

## I. INTRODUCTION

This appeal arises from business disputes between appellants Renee K. Kwan, 350 WSJ LLC (350 WSJ), and Asset Management LLC (ASM) and respondents David Seto, Sharon Seto, Gordon Lee, Patricia Lum, and Sharon Seto (collectively, the Seto Group), Winchester Plaza on the Row LLC (WPR), and Anthony Sam. The parties made three separate demands for arbitration of their disputes, which concerned the parties' involvement in developing commercial real property, that were coordinated for one arbitration hearing. After holding an arbitration hearing in three phases, the arbitrator awarded respondents over $4 million in damages and determined that Kwan was personally liable for all amounts due in the final award.

Kwan, 350 WSJ, and ASM filed petitions to vacate the arbitration award and the Seto Group and Sam filed petitions to confirm the award. The trial court denied the petitions to vacate the arbitration award and granted the petitions to confirm the

arbitration award. The judgment in conformity with the order confirming the arbitration award was entered on May 17, 2021.

On appeal, Kwan, 350 WSJ, and ASM contend that their petitions to vacate the arbitration award should be granted pursuant to Code of Civil Procedure section 1286.2, subdivision (a)(5)[1] because the arbitrator abused his discretion in refusing to grant their request for a continuance of Phase 2 of the arbitration hearing to allow them to obtain new counsel after their attorneys withdrew following Phase 1, which effectively denied their right to counsel under section 1282.4, subdivision (a). For the reasons stated below, we find no merit in these contentions and we will affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Underlying Disputes*

Although the merits of the parties' disputes are not at issue, we provide a very brief summary as background to the issues on appeal.

The members of the Seto Group had ownership interests in WPR, which included among its assets commercial real property on Winchester Boulevard in San Jose that the Seto Group intended to develop. The property was encumbered by several liens.

Kwan became involved as an investor and also as a manager of the proposed development through the entities 350 WSJ and ASM. The parties entered into several agreements regarding the development, including operating agreements and loan agreements. Sam became involved as an independent director of an entity known as WSJ Management. He also had an ownership interest in that entity.

Numerous disputes later arose between the parties regarding their respective rights and obligations under various agreements. One of the disputes concerned 350 WSJ's obligation to respond to a cash call that WPR had made to all of the members of WPR in order to retire one of the liens on the development property. When 350 WSJ did not

---

[1] All statutory references hereafter are to the Code of Civil Procedure.

2

respond to the cash call, its interest in WPR was diluted to zero. ASM's interest in WSJ Management was also diluted to zero.

**B. *The Arbitration***

The parties made three separate demands for arbitration that were coordinated into one arbitration. The arbitration was held in three phases.

**1. Phase 1**

Phase 1 took place over 12 days in November 2016 and February 2017. The parties stipulated to five issues that the arbitrator would decide in Phase I in order "to render a final decision on the issue of control of WSJ Management and thereby Winchester Plaza on the Row, LLC and the Property." The arbitrator made an interim award finding in favor of the claimants, Seto Group and Sam, on all five issues in Phase I.

The arbitrator also made witness credibility findings in Phase 1. As stated in the arbitration award, the Seto Group witnesses and Sam were determined to be credible witnesses, while Kwan was not. Regarding Kwan's credibility, "for numerous reasons, the Arbitrator did not find Ms. Kwan to be a credible witness. Ms. Kwan was unable to remember important facts and events, was unable to answer simple questions, and when questions were answered by Ms. Kwan, her responses were at times evasive." Further, the arbitrator found that Kwan had destroyed evidence, given false and inconsistent testimony, and made misleading statements, which together "resulted in the Arbitrator giving Ms. Kwan's testimony little weight."

**2. Phase 2**

Phase 2 of the arbitration was set to begin on September 25, 2018, and took place over 6 days in September and October 2018. However, on August 20, 2018, Steven A. Ellenberg, counsel for Kwan, moved to be relieved as counsel on the grounds of nonpayment of fees and breakdown in the attorney-client relationship. At the same time,

3

Thoits Law, counsel for 350 WSJ and ASM, moved to be relieved as counsel on the grounds of irreconcilable differences between Thoits Law and the clients.[2]

Kwan did not object to counsels' motions to withdraw, but requested a continuance of not less than 120 days in order for new counsel to prepare. The arbitrator granted the motions of Ellenberg and Thoits Law to be relieved as counsel, and in an order dated August 31, 2018, denied Kwan's request for a continuance of the arbitration after balancing the prejudice to each party. Specifically, the arbitrator determined that "[t]he arbitrator must weigh the respective prejudices to the parties in evaluating the request for a continuance. The prejudice to the entire project with the prospect of losing the Entitlement [to develop an 18-story building] is most substantial. Balanced against that is if Ms. Kwan is unable to obtain counsel, she appears to be a very intelligent individual with extensive knowledge of all phases of the case, including the Phase 1 hearing process. She may legally represent the two LLCs [350 WSJ and ASM] in the arbitration."

Before Phase 2 of the arbitration hearing began, Kwan, 350 WSJ and ASM renewed their request for a continuance of Phase 2 hearing, based on their submission of a declaration from an attorney stating he would need five or six months to prepare. The arbitrator again denied the request for a continuance on the ground that a continuance would cause the "substantial prejudice to the completion of the project." On September 25, 2018, Kwan made a third request for a continuance, based primarily on her assertion that the time for the development entitlement for the property could be extended. The arbitrator denied the third request for a continuance, remaining unpersuaded that Kwan was unable to obtain counsel for the Phase 2 hearing and again finding that "Ms. Kwan's lack of credibility undercuts her claims with respect to the need for a continuance."

---

[2] Thoits Law is not a party to the present appeal.

4

Phase 2 commenced with Kwan representing herself, 350 WSJ, and ASM. The issues to be determined in Phase 2 were the parties' remaining claims, including entitlement to punitive damages, plus determination of the prevailing party for purposes of awarding attorneys' fees and costs. The arbitrator found in favor of claimants the Seto Group and Sam on all issues, including entitlement to punitive damages, and determined that the Seto Group and Sam were the prevailing parties. The arbitrator also found that Kwan was the alter ego of 350 WSJ and ASM and "is personally liable for all amounts due in the Final Arbitration Award."

### 3. Phase 3

In February 2019 new counsel appeared for Kwan, 350 WSJ, and ASM. Phase 3 of the arbitration was held on two days in June 2019. The issues to be decided included the amount of punitive damages and the motions for attorney's fees and costs submitted by the Seto Group and Sam. Kwan, 350 WSJ, and ASM submitted a motion to strike the punitive damages award on the ground, among other things, that they had been denied the right to counsel in Phase 2. The arbitrator denied the motion to strike the punitive damages award, finding that "Ms. Kwan had other counsel in related matters at the time of the request for a continuance. The Arbitrator was not and is not persuaded that Respondents were unable to obtain counsel to represent her during the Phase 2 hearing. Again, as noted throughout this award, Ms. Kwan's lack of credibility undercuts her claims with respect to the need for a continuance. Respondents' claims with respect to being prejudiced due to the exclusion of material evidence fail to reference any specific relevant evidence that she was unable to have admitted."

At the conclusion of Phase 3, the arbitrator awarded the Seto Group punitive damages in the amount of $2 million. The arbitrator also ruled that the Seto Group, Sam, and WPR were entitled to an award of attorney's fees and costs, as set forth in the final arbitration award.

5

### 4. Final Arbitration Award

In September 2019 the arbitrator issued a 174-page arbitration decision that concluded with the following awards: (1) the Seto Group is entitled to recover $4,071,999.07 from Kwan, 350 WSJ, and ASM; (2) Sam is entitled to recover from $229,046.40 from Kwan, 350 WSJ, and ASM; (3) WPR is entitled to recover $159,284.33 from Kwan, 350 WSJ, and ASM; and (4) Kwan is personally liable for all amounts due in the final award.

### C. *Trial Court Proceedings and Judgment*

The Seto Group, joined by WPR, and Sam each filed a petition to confirm the arbitration award. Kwan, 350 WSJ, and ASM (hereafter, collectively the Kwan Parties) filed petitions to vacate the arbitration award, arguing that there were sufficient grounds to vacate the arbitration award pursuant to section 1286.2, subdivisions (a)(4) and (a)(5), including the arbitrator's refusal to grant Kwan's request for a continuance of Phase 2 of the arbitration in order to obtain new counsel, which Kwan asserted effectively denied her the right to counsel and constituted structural error. Kwan also argued that the arbitrator had refused to hear relevant evidence, which was another ground sufficient to vacate the arbitration award.

In the May 6, 2020 order the trial court granted the petitions to confirm the arbitration award and denied the petitions to vacate the award. The trial court ruled that the totality of the circumstances showed that the arbitrator did not abuse his discretion in denying Kwan's request for a continuance of Phase 2 of the arbitration. The court found that the arbitrator "took into consideration the credibility and motives of Ms. Kwan, and he engaged in a weighing of prejudice to the parties." Additionally, the court found that the arbitrator's concern regarding the development entitlement could not "be deemed unreasonable or misplaced in view of the totality of the information before him."

The trial court also rejected Kwan's claim that the arbitrator's refusal to continue Phase 2 of the arbitration effectively denied her the right to counsel, finding that "[a]s the

6

Arbitrator correctly observed, Ms. Kwan's actions resulted in the Kwan Parties being without counsel." Further, the court determined there was no due process right to be represented by counsel at an arbitration and JAMS arbitration rules did not require that a corporation or LLC be represented by counsel. Having concluded that the arbitrator did not abuse his discretion, the trial court declined to reach the issue of prejudice.

After the May 6, 2020 order confirming the arbitration award was filed, the Kwan Parties filed a motion to disqualify the law firm representing the Seto Group, Hopkins & Carley, on the ground that Ellenberg, Kwan's former attorney, had joined Hopkins & Carley after his motion to be relieved as counsel was granted and the litigation was still ongoing. The Kwan Parties also sought an order striking all papers filed by Hopkins & Carley after the date Ellenberg joined the firm. In addition, the Kwan parties brought a motion for reconsideration of the May 6, 2020 order on the same ground of the conflict of interest caused by Ellenberg joining Hopkins & Carley.

On December 15, 2020, the trial court issued a combined order on the Kwan Parties' motion to disqualify Hopkins & Carley and their motion for reconsideration. The court found that "[a]fter the close of the evidence and during post-hearing briefing in Phase 3, Hopkins & Carley issued a public announcement on July 16, 2019 that Mr. Ellenberg had joined Hopkins & Carley. Neither Mr. Ellenberg nor Hopkins & Carley disclosed this to Ms. Kwan. Neither Mr. Ellenberg nor Hopkins & Carley obtained a waiver or consent from Ms. Kwan." The court granted the motion to disqualify Hopkins & Carley from representing the Seto Group, effective the date of the December 15, 2020 order.

However, the trial court denied the Kwan Parties' request for an order striking the papers filed by Hopkins & Carley and their motion for reconsideration, finding that the Kwan Parties had failed to show that they were prejudiced by Hopkins & Carley's conflict of interest since Ellenberg did not join Hopkins & Carley until after the close of evidence in Phase 3 of the arbitration and all that remained was the submission of post-

7

hearing briefs. The court noted that "[t]he Kwan parties have not shown that the post-hearing briefing by Hopkins & Carley actually used confidential information and that such wrongful use had a substantial impact on the Arbitrator's decision."

The judgment in conformity with the order confirming the arbitration award was entered on May 17, 2021, and included awards of prejudgment interest and attorney's fees and costs to the Seto Group, Sam, and WPR.

## III. DISCUSSION

The Kwan Parties contend on appeal that their petition to vacate the arbitration award should be granted pursuant to section 1286.2, subdivision (a)(5) because the arbitrator erred in refusing to grant their request for a continuance of Phase 2 of the arbitration hearing and effectively denied their right to counsel under section 1282.4, subdivision (a). We will begin our evaluation of these contentions with the general legal principals pertaining to arbitration awards and the applicable standard of review.[3]

### A. *General Legal Principles and Standard of Review*

Through the California Arbitration Act, set forth in Title 9 of the Code of Civil Procedure (§ 1280 et seq.), the Legislature has expressed a " 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.]" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*).)

" 'Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration.' " (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*).) "[I]t is the general rule that parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final" (*Moncharsh*, *supra*, 3 Cal.4th at p. 9), and thus they agree to bear the

---

[3] We granted the applications of Imre Stephen Szalai and Carrie Shu Shang for leave to file an amicus curiae brief in support of appellants.

risk of an arbitrator's mistake "in return for a quick, inexpensive, and conclusive resolution to their dispute." (*Id.* at p. 11.)

Accordingly, courts generally may not review arbitration awards for errors of fact or law, "even when those errors appear on the face of the award or cause substantial injustice to the parties." (*Richey*, *supra*, 60 Cal.4th at p. 916.) "[T]he Legislature has reduced the risk to the parties of such a decision by providing for judicial review in circumstances involving serious problems with the award itself, or with the fairness of the arbitration process." (*Moncharsh*, *supra*, 3 Cal.4th at p. 12.)

Section 1286.2, subdivision (a) sets forth the six circumstances in which the Legislature has authorized judicial review and vacation of an arbitration award: "[T]he court shall vacate the award if the court determines any of the following: [¶] (1) The award was procured by corruption, fraud or other undue means. [¶] (2) There was corruption in any of the arbitrators. [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. [¶] (6) An arbitrator making the award either: (A) failed to disclose with the time required for disclosure a ground for disqualification of which the arbitrator was then aware; or (B) was subject to disqualification upon grounds specified in Section 1281.91[.]"

Thus, " ' "[t]he statutory provisions for [review of an arbitration award] are manifestly for the sole purpose of preventing the misuse of the proceeding, where corruption, fraud, misconduct, gross error, or mistake has been carried into the award to the substantial prejudice of a party to the proceeding." ' [Citation.]" (*Heimlich v. Shivji*

9

(2019) 7 Cal.5th 350, 368 (*Heimlich*).) "Otherwise, judicial corrections are limited to remedying 'obvious and easily correctable mistake[s],' 'technical problem[s],' and actions in excess of authority so long as the correction leaves the merits of the decision unaffected. [Citation.]" (*Id.* at p. 367; see § 1286.6.)

"' "On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard. [Citations.] To the extent that the trial court's ruling rests upon a determination of disputed factual issues, we apply the substantial evidence test to those issues." ' [Citations.]" (*ECC Capital Corp. v. Manatt, Phelps & Phillips, LLP* (2017) 9 Cal.App.5th 885, 900 (*ECC*).) We may review an order denying a petition to vacate an arbitration award upon appeal from the judgment on the order confirming the arbitration award. (*Mid-Wilshire Assocs. v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454.)

**B. *Postponement of Arbitration Hearing***

### 1. Section 1286.2, subdivision (a)(5)

"The party seeking to vacate an arbitration award bears the burden of establishing that one of the six grounds listed in section 1286.2 applies and that the party was prejudiced by the arbitrator's error. [Citation.]" (*Royal Alliance Associates, Inc. v. Liebhaber* (2016) 2 Cal.App.5th 1092, 1106 (*Royal Alliance*).) Here, the Kwan Parties contend that their petition to vacate the arbitration award should be granted pursuant to section 1286.2, subdivision (a)(5) because the arbitrator erred in refusing to grant their request for a continuance of Phase 2 of the arbitration hearing to obtain new counsel after their attorney withdrew.

Section 1286.2, subdivision (a)(5) provides in part: "[T]he court shall vacate the award if the court determines . . . [¶] The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor . . . ." Thus, there are two issues to be resolved in ruling on a petition to vacate an arbitration award pursuant to section 1286.2, subdivision (a)(5) on the ground

10

that the arbitrator refused to postpone the arbitration hearing: "First, the trial court must determine whether the arbitrator abused his or her discretion by refusing to postpone the hearing upon sufficient cause being shown. Second, if there was an abuse of discretion, the trial court must determine whether the moving party suffered substantial prejudice as a result." (*SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1198).)

### 2. Analysis

On appeal, the Kwan Parties contend that the arbitrator abused his discretion in denying Kwan's third request for a continuance of the Phase 2 hearing because the arbitrator failed to take into account Kwan's evidence showing that a new attorney willing to represent the Kwan Parties would need five or six months to prepare, and also showing that the development entitlement to the property could be extended.

The Kwan Parties additionally contend that the arbitrator's denial of their request for a continuance was prejudicial, since the record shows that in Phase 2 Kwan had difficulty with the admission of evidence and the examination of witnesses, and improperly relied upon evidence not admitted in her closing argument. Kwan also argues that she did not receive the assistance during Phase 2 that the arbitrator should have provided to her as a self-represented litigant. According to the Kwan Parties, "[i]t is highly likely that an experienced litigator—such as [proposed new counsel]—would have been able to mitigate these [arbitration] awards. But the Arbitrator, without adequate justification, denied Ms. Kwan that opportunity—to her severe prejudice."

The Seto Group and Sam[4] respond that the arbitrator did not abuse his discretion in denying a continuance of the Phase 2 hearing because the arbitrator did consider Kwan's evidence and could properly give greater weight to other factors, such as Kwan's

---

[4] We will refer to respondents the Seto Group and Sam collectively as the Seto Group hereafter for ease of reference and because they have filed a joint respondents' brief.

lack of credibility, her representation by other attorneys in related matters, the impact of a continuance on the Seto Group, and the arbitrator's justifiable concern "that Kwan had provoked a change in counsel as a tactic to obtain a continuance." The Seto Group also argues that denial of a continuance did not substantially prejudice the Kwan Parties, because they have not identified anything in the record, such as an inability to admit material evidence, that would have changed the outcome had the Kwan Parties been represented by counsel in Phase 2.

In reply, the Kwan Parties contend that, in addition to her difficulty with evidence in Phase 2, Kwan did not adequately oppose a motion in limine brought by the Seto Parties to exclude evidence of a prior lawsuit relating to dilution of membership interests in limited liability companies.

We need not determine whether the arbitrator abused his discretion in denying the Kwan Parties' request for a continuance of Phase 2 of the arbitration hearing because the Kwan Parties have not shown that their rights were substantially prejudiced by the denial, as expressly required by section 1286.2, subdivision (a)(5). In the arbitration context, substantial prejudice may be shown where the arbitrator's conduct denied a party a fair hearing. (*Hoso Foods, Inc. v. Columbus Club, Inc.* (2010) 190 Cal.App.4th 881, 888-889.) "Because the rules of evidence and judicial procedure do not apply to arbitration proceedings absent the parties' agreement, '[a]rbitration procedures violate the common law right to a fair hearing 'only in the clearest of cases, i.e., when the applicable procedures essentially preclude the possibility of a fair hearing.' [Citation.]' [Citation.]" (*Ibid.*)

Further, the California Supreme Court has instructed that "section 1286.2 subdivision (a)(5), 'if not properly limited, could swallow the rule that arbitration awards are generally not reviewable on the merits.' The provision is not 'a back door to *Moncharsh* through which parties may routinely test the validity of legal theories of arbitrators.' [Citation.] Instead, it was designed as a 'safety valve in private arbitration

12

that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case.' [Citation.] It comes into play, for example, when an arbitrator, without justification, permits only one side to present evidence on a disputed material issue. [Citation.] The Arbitration Act codifies 'the fundamental principle that "[a]rbitration should give both parties an opportunity to be heard." [Citation.] . . . [T]he opportunity to be heard must be extended to all parties equitably.' [Citation.]" (*Heimlich*, *supra*, 7 Cal.5th at pp. 368-369.)

In the present case, the Kwan Parties contend that the arbitrator's denial of a continuance of the Phase 2 hearing substantially prejudiced them because Kwan, an untrained layperson, was forced to represent the Kwan Parties against the experienced litigators representing the Seto Group and had difficulties in presenting evidence, examining witnesses, and opposing a motion in limine. However, the Kwan Parties' argument fails to identify any specific evidence that Kwan was unable to have admitted. Even where the appellant contends that the arbitrator failed to admit specific material evidence, " '[t]o find substantial prejudice, the court must accept, for purposes of analysis, the arbitrator's legal theory and conclude that the arbitrator might well have made a different award had the evidence been allowed.' [Citation.]" (*Royal Alliance*, *supra*, 2 Cal.App.5th at p. 1109.) Here, the Kwan Parties have failed to demonstrate that the arbitrator might have made a different, more favorable award had the Kwan Parties been represented by counsel able to have material evidence admitted, examine witnesses effectively, give a closing argument that properly relied on admitted evidence, and adequately oppose the Seto Group's motions in limine.

Moreover, the Kwan Parties have not made a specific showing that representation by Kwan in Phase 2, instead of new counsel, prevented them from fairly presenting their case. (See *Heimlich*, *supra*, 7 Cal.5th at pp. 368-369.) Their conclusory assertions that Kwan's evidentiary difficulties were prejudicial, or that the arbitrator should have provided her with assistance in Phase 2, are insufficient to establish that the Kwan Parties

13

were unable to present their case or that a more favorable award would have been made. (See *Orange County Water Dist. v. Alcoa Global Fasteners, Inc*. (2017) 12 Cal.App.5th 252, 364 ["conclusory assertions do not establish prejudice"].)

Alternatively, the Kwan Parties contend that they need not show prejudice because the arbitrator's denial of a continuance of Phase 2 of the arbitration hearing, which forced Kwan to proceed without counsel, constituted structural error. Since the Kwan Parties raise the issue of structural error for the first time in their reply brief, we will not consider it. We ordinarily do not address issues raised for the first time in a reply brief, " 'because such consideration would deprive the respondent of an opportunity to counter the argument.' [Citation.]" (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

For these reasons, we determine that the trial court did not err in denying the Kwan Parties' petition to vacate the arbitration award pursuant to section 1286.2, subdivision (a)(5) on the ground that the arbitrator's refusal to continue Phase 2 of the arbitration hearing substantially prejudiced their rights.

### C. *Right to Counsel*

The Kwan Parties also contend that the arbitration award should be vacated because the arbitrator violated section 1282.4, subdivision (a), which provides in part: "A party to the arbitration has the right to be represented by an attorney at any proceeding or hearing in arbitration under this title."

#### 1. Attorney Withdrawal

According to the Kwan Parties, the arbitrator abused his discretion and violated section 1282.4, subdivision (a) by allowing attorney Ellenberg to withdraw without a sufficient showing of cause or a showing by Ellenberg that he had protected Kwan by obtaining a continuance of the Phase 2 hearing to allow new counsel to prepare.

The Seto Group notes that a violation of the right to counsel under section 1282.4 is not one of the grounds for vacation of an arbitration award listed in section 1286.2, subdivision (a). Alternatively, the Seto Group argues that the arbitrator did not abuse his

discretion in allowing Ellenberg to be relieved as Kwan's counsel because the arbitrator could rely on counsel's representations regarding the reasons for his withdrawal.

Our review of the record shows that Kwan did not object to the motions of Ellenberg and Thoits Law to be relieved as counsel for Kwan and 350 WSJ and ASM. In the final arbitration award, the arbitrator stated: "On August 20, 2018, counsel for the Kwan entities [Thoits Law] and counsel for Ms. Kwan [Ellenberg] filed motions to be relieved as counsel. The motions were based upon non-payment of fees and the breakdown in the attorney-client relationship. On the evening before the August 30, 2018 hearing on the motions, Ms. Kwan submitted an email wherein she agreed that the motions to withdraw should be granted but asked for a continuance of the Phase 2 hearing because there were only 18 business days to prepare for the hearing and she needed to obtain new legal representation. [¶] On August 30, 2018, a hearing was conducted regarding the motions. . . . At the hearing, Ms. Kwan expressed no objection to the Arbitrator granting the motions to withdraw."

We find that the lack of an objection to Ellenberg's motion to be relieved as Kwan's counsel and Thoits Law's motion to be relieved as counsel for 350 WSJ and ASM is fatal to Kwan's claim that the arbitration award should be vacated because the arbitrator abused his discretion in granting the motions to withdraw. Our Supreme Court has stated: " ' "No procedural principle is more familiar to this Court than that a *constitutional* right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." . . .' [Citation.]" (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264 (*Keener*); see also *San Mateo Union High School Dist. v. County of San Mateo* (2013) 213 Cal.App.4th 418, 436 [" ' "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.]" ' "].)

Here, the arbitrator found that Kwan did not object to the motions to be relieved as counsel made by Ellenberg and Thoits Law before Phase 2 of the arbitration hearing. We may not review that finding of fact for error by the arbitrator. (See *Richey*, *supra*, 60 Cal.4th at p. 916.) We therefore conclude that Kwan has forfeited her claim that the arbitration award should be vacated because the arbitrator violated her right to counsel under section 1282.4, subdivision (a) by granting the motions to be relieved as counsel made by Ellenberg and Thoits Law before Phase 2 of the arbitration hearing. (See *Keener*, *supra*, 46 Cal.4th at p. 264.)

### 2. Conflict of Interest

The Kwan Parties argue that another basis for vacating the arbitration award under section 1286.2, subdivision (a)(5) is the conflict of interest caused by Ellenberg joining the law firm of Hopkins & Carley. As we have noted, in the December 15, 2020 order the trial court granted the Kwan Parties' motion to disqualify the Seto Group's law firm, Hopkins & Carley, effective the date of the order. The trial court found that "[a]fter the close of the evidence and during post-hearing briefing in Phase 3, Hopkins & Carley issued a public announcement on July 16, 2019 that Mr. Ellenberg had joined Hopkins & Carley. Neither Mr. Ellenberg nor Hopkins & Carley disclosed this to Ms. Kwan. Neither Mr. Ellenberg nor Hopkins & Carley obtained a waiver or consent from Ms. Kwan." The trial court therefore granted the Kwan Parties' motion to disqualify Hopkins & Carley effective the date of the December 15, 2020 order.

The Kwan Parties urge that Ellenberg's conflict of interest in joining the law firm of Hopkins & Carley before the arbitration hearing was completed, as well as his possession of confidential information, must be imputed to Hopkins & Carley. They contend that the arbitration award must be vacated due to this conflict of interest, because "this constituted 'undue means' of obtaining an arbitration award, which is prohibited by Code of Civil Procedure section 1286.2(a)(1)." The Kwan Parties also argue that they do not need to make a showing of prejudice as a result of the conflict of interest imputed to

16

Hopkins & Carley, because prejudice is presumed due to Ellenberg's breach of his duty of loyalty to Kwan.

Alternatively, the Kwan Parties claim that they were actually prejudiced because Hopkins & Carley might have used confidential information in preparing their post-trial briefs and in settlement negotiations, and because the arbitrator might not have awarded attorney's fees to Hopkins & Carley had the arbitrator known of the conflict of interest.

The Seto Group disagrees, pointing out that the disqualification order has not been appealed and asserting that the Kwan Parties have not shown that they were prejudiced as a result of Hopkin & Carley's conflict of interest. We agree that the challenge fails for lack of demonstrated prejudice.

The decision in *Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810 (*Pour Le Bebe*) is instructive with regard to whether an arbitration award may be vacated due to attorney conflict of interest. Appellant Pour Le Bebe petitioned to vacate the arbitration award in favor of Guess, Inc. on the grounds, among other things, that respondent Guess, Inc. had obtained the award by undue means because Guess, Inc's counsel had a conflict of interest due to prior representation of Pour Le Bebe in other matters. (*Id.* at p. 816.) The trial court granted Guess, Inc's petition to confirm the arbitration award and denied Pour Le Bebe's petition to vacate the award. Although the appellate court determined that there was a colorable claim of conflict of interest, the court affirmed both orders. (*Id.* at p. 837.)

In reaching its decision, the *Pour Le Bebe* court addressed section 1286.2, subdivision (a)(1), which provides: "Subject to Section 1286.4 [conditions to vacation of award], the court shall vacate the award if the court determines any of the following: [¶] The award was procured by corruption, fraud or other undue means." The court determined that Pour Le Bebe had not shown that the alleged attorney conflict of interest resulted in the arbitration award being procured by "undue means" that warranted

17

vacation of the arbitration award. (*Pour Le Bebe*, *supra*, 112 Cal.App.4th at pp. 833, 837.)

The *Pour Le Bebe* court noted that " '[i]t is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result.' [Citation.]" (*Pour Le Bebe*, *supra*, 112 Cal.App.4th at p. 837.) The court then ruled that "[w]e are constrained by our interpretation of the governing statute [section 1286.2, subdivision (a)(1)] and the relevant authorities to conclude that [Pour Le Bebe] failed to make the showing necessary to vacate the arbitration award. [Pour Le Bebe] failed to show by clear and convincing evidence that a conflict existed and that it had a substantial impact on the panel's decision." (*Ibid.*)

In the present case, the trial court granted the Kwan Parties' motion to disqualify Hopkins & Carley due to the conflict of interest caused by Ellenberg joining the firm before post-trial briefing in the arbitration hearing was completed. However, in denying their motion for reconsideration the trial court ruled that the Kwan Parties had failed to show that they were prejudiced by the conflict of interest imputed to Hopkins & Carley, since (1) Ellenberg did not join Hopkins & Carley until after the close of evidence in the arbitration hearing; and (2) the Kwan parties had not shown "that the post-hearing briefing by Hopkins & Carley actually used confidential information and that such wrongful use had a substantial impact on the Arbitrator's decision." Substantial evidence supports the trial court's finding that the Kwan Parties failed to establish prejudice, since in their motion for reconsideration the Kwan Parties argued only that that the failure of Hopkins & Carley and Ellenberg to notify Kwan of the conflict of interest constituted unethical conduct and that Hopkins & Carley had confidential information "in hand." (See *ECC*, *supra*, 9 Cal.App.5th at p. 900.) Absent a showing that the conflict of interest had a substantial impact on the arbitrator's decision, we find no merit in the Kwan Parties' contention that Hopkin & Carley's conflict of interest is sufficient to vacate the

18

arbitration award pursuant to section 1286.2, subdivision (a)(1). (See *Pour Le Bebe*, *supra*, 112 Cal.App.4th at p. 837.)

Kwan's contention that prejudice is presumed due to Ellenberg's breach of his duty of loyalty to Kwan does not cause us to alter our conclusion. Kwan has provided no authority for the proposition that an arbitration award may be vacated on the grounds of undue means pursuant to section 1286.2, subdivision (a)(1) without a showing of prejudice where an attorney breached the duty of loyalty. Kwan's reliance on decisions in which a motion for attorney disqualification was granted on the ground of breach of the duty of loyalty is misplaced. (See *City National Bank v. Adams* (2002) 96 Cal.App.4th 315, 318 [order disqualifying counsel affirmed]; *National Grange Order of Patrons of Husbandry v. California Guild* (2019) 38 Cal.App.5th 706, 709-710 [same]; *Henriksen v. Great American Savings* (1992) 11 Cal.App.4th 109, 113-114 [same].)

We also find no merit in the Kwan Parties' contentions that the trial court abused its discretion by failing to grant their motion for discovery. We understand the motion for discovery to consist of a footnote in the Kwan Parties' motion for reconsideration, which states in part: "Petitioners further request that Hopkins & Carley and Ellenberg be ordered to produce to Kwan all documents that refer or relate to Ellenberg proposing to join Hopkins & Carley, or vice versa, and their communications, internally and externally, that refer or relate to the interviewing and/or other processes by which Ellenberg joined Hopkins & Carley." The Kwan Parties acknowledge that the trial court did not rule on the purported motion for discovery. In any event, we determine that the trial court did not abuse its discretion in failing to grant the motion in light of the court's finding that the Kwan Parties had failed to show that the conflict of interest that arose from Ellenberg joining Hopkins & Carley had a substantial impact on the arbitrator's decision. (See *Pour Le Bebe*, *supra*, 112 Cal.App.4th at p. 837; *Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881 [standard of review for discovery orders is abuse of discretion].)

19

Finally, the Kwan Parties contend that the trial court abused its discretion in denying their motion to strike Hopkins & Carley's papers filed in support of the petition to confirm the arbitration award and in opposition to the Kwan Parties' petition to vacate the arbitration award. They assert that in the absence of these papers, which were filed when Hopkins & Carley had a conflict of interest, their motion to vacate the arbitration award should be granted. The Seto Group responds that "[s]triking the pleadings and requiring them to be refiled would be a pointless exercise that would add nothing but expense and delay to this already protracted dispute."

In *Schimmel v. Levin* (2011) 195 Cal.App.4th 81 (*Schimmel*), the appellate court ruled that the trial court did not abuse its discretion in striking the defendant's motion to compel arbitration after finding that disqualified defense counsel possessed confidential information adverse to the plaintiff. (*Id*. at p. 88.) The decision in *Schimmel* is distinguishable, since it did not involve a petition to confirm or vacate an arbitration award. Additionally, the *Schimmel* court upheld the trial court's order allowing the defendant to file new papers after the papers filed by disqualified counsel were stricken. (*Id*. at pp. 85, 88.)

We determine that the trial court did not abuse its discretion in denying the Kwan Parties' motion to strike the papers filed by Hopkins & Carley in support of the petition to confirm the arbitration award and in opposition to the petition to vacate the award, since the Kwan Parties failed to show prejudice sufficient to vacate the arbitration award in the absence of a showing that an order striking the papers filed by Hopkins & Carley and allowing different counsel to file new papers would have resulted in a more favorable outcome for the Kwan Parties. (See *Pour Le Bebe*, *supra*, 112 Cal.App.4th at p. 837.)

## IV. DISPOSITION

The May 17, 2021 judgment is affirmed. Costs on appeal are awarded to respondents.

20

_____
Greenwood, P. J.


WE CONCUR:



_____
Danner, J.




_____
Wilson, J.



H049212
350 WSJ LLC et al. v. Winchester Plaza On The Row et al.