[Crim. No. 3741. Fourth Dist., Div. One. Apr. 17, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
CARROLL GENE JARRETT, Defendant and Appellant.

## Counsel

Lawrence S. Frankel, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jeffrey C. Freedman, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**AULT, J.**—Appellant, Carroll Gene Jarrett, was convicted by jury of attempted forcible rape and attempted incest. Both convictions arose out of a single event involving appellant and his 14-year-old half sister. After hearing, the court found appellant to be a mentally disordered sex offender,

suspended criminal proceedings, and ordered him sent to Atascadero State Hospital for diagnostic study and report. Upon his return, criminal proceedings were reinstituted, application for probation was denied, and he was sentenced to prison on both the attempted forcible rape and the attempted incest convictions. The court stayed execution of the sentence imposed on the attempted incest conviction pending appeal, and service of the sentence imposed for attempted forcible rape, the stay to become permanent upon completion of that sentence. The appeal is from the judgment of conviction.

The testimony of the victim, together with that of a police officer, whose timely arrival on the scene accounts for the fact attempt charges only were filed, amply supports the finding of guilt. Appellant's sole contention on appeal is, "I was framed." In his brief he claims he was lured into the compromising position in which he was found. He states the victim's parents held a grudge against him, blamed him because an older child had run away from their home, and had threatened to get even. He brings the police into the plot by asserting the arresting officer called him and his half sister by first names at the time of the arrest and obviously knew just where and when to find the two of them.

There is nothing in the record before us which would in any way support appellant's presently asserted claim, "I was framed." That theory was not advanced at the trial and no reason is given why it was not. Under well established appellate rules, this court need not consider issues not raised at trial and may not properly consider alleged facts which are wholly outside the record on appeal. (*People* v. *Brawley,* 1 Cal.3d 277, 294-295 [82 Cal.Rptr. 161, 461 P.2d 361].)

Where, as here, a single act results in the commission of two crimes Penal Code section 654 prohibits double punishment. The proscription has been specifically applied to forcible rape and incest where conviction of both crimes has arisen out of the same act of intercourse. (*People* v. *Bales,* 189 Cal.App.2d 694, 704-705 [11 Cal.Rptr. 639]; *People* v. *Daniels,* 1 Cal.App.3d 367, 378 [81 Cal.Rptr. 675].)[1] Here, however, appellant has

---

[1]The two cited cases were primarily concerned with the impropriety of double punishment where the defendant had been convicted of forcible rape and incest based upon a single act of intercourse. The statement in each to the effect incest must be considered as necessarily included within the offense of forcible rape under that circumstance was not necessary to the problem under consideration. In *Daniels* the pertinent part of the disposition reads: "The judgments as to counts II and IV are reversed for the *limited purpose of vacating the sentences as to those counts.*" (Italics added.) The effect of the disposition was to allow the convictions of incest and rape arising out of the same act to stand, but to eliminate the double punishment. The actual disposition in *Daniels* is, therefore, consistent with the conclusion reached later in this decision that incest is not a necessarily included offense in the crime of forcible rape.

not been doubly punished. In staying execution of the sentence imposed for attempted incest, pending any appeal and pending the completion of the sentence for attempted forcible rape, and by providing the stay of execution would then become permanent, the trial court adopted an approved method of avoiding the prohibition against double punishment contained in the code section. (*People* v. *Niles,* 227 Cal.App.2d 749, 755-756 [39 Cal.Rptr. 11]; *In re Wright,* 65 Cal.2d 650, 655-656 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Cheffen,* 2 Cal.App.3d 638, 641-642 [82 Cal.Rptr. 658].)

At our request counsel for both parties have presented argument and authorities on the propriety of appellant's conviction of attempted forcible rape and attempted incest where both arose out of a single attempted act of intercourse. He could not be properly convicted of both attempts if either of the underlying offenses was necessarily included within the other. (*People* v. *Tideman,* 57 Cal.2d 574, 581-582 [21 Cal.Rptr. 207, 370 P.2d 1007]; *People* v. *Pater,* 267 Cal.App.2d 921, 925 [73 Cal.Rptr. 823]; *People* v. *Toliver,* 270 Cal.App.2d 492, 498 [75 Cal.Rptr. 819].) All the elements of the lesser offense must be included in the elements of the greater offense. (*People* v. *Francis,* 71 Cal.2d 66, 72-74 [75 Cal.Rptr. 199, 450 P.2d 591].)

The crimes of forcible rape and incest each contain elements not necessarily included within the other. The use of force is necessary to establish forcible rape; it is not required to prove incest. Incest may not be committed unless the statutorily prohibited relationship exists between the parties; such relationship need not be shown to establish forcible rape. "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer,* 30 Cal.2d 589, 596 [184 P.2d 512]; see also *In re Hess,* 45 Cal.2d 171, 174 [288 P.2d 5].)

It is apparent forcible rape can be committed without committing incest, and *vice versa.* We, therefore, conclude attempted forcible rape and attempted incest are not necessarily included offenses and that appellant's conviction of each is proper even though he may not be punished for both under the circumstances. (*People* v. *Toliver, supra,* 270 Cal.App.2d 492, 498; *People* v. *Smith,* 36 Cal.2d 444, 448 [224 P.2d 719].)

The judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.