Filed 10/5/23  Franklin v. Franklin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| TANYA FRANKLIN, | C093634 |
| Plaintiff and Appellant, | (Super. Ct. No. 16-FCD-06090) |
| v. | |
| SCOTT FRANKLIN, | |
| Defendant and Respondent. | |

Appellant Tanya Franklin (mother) appeals the family court's December 23, 2020 order confirming its August 12, 2019 custody and visitation order granting (1) mother and Scott Franklin (father) joint legal custody of their then 10-year-old minor, L.F.; (2) father physical custody of L.F.; and (3) mother parenting time/visitation on the first, third, and fifth weekends of the month.  Mother, representing herself on appeal, argues the family court erred in giving father physical custody without considering allegations of abuse or protective orders.  Further, mother argues the court erred in denying her requests for continuances and one of her requests for a court reporter.  Finally, she argues L.F.'s

1

appointed counsel was ineffective, and the family court was biased against her. We shall affirm.

## BACKGROUND

We start by noting a fundamental tenet of appellate practice. An appellant's opening brief must contain "a summary of the significant facts limited to matters in the record" relevant to the issues raised in the appeal and support "any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(C).) Mother's brief fails these requirements. We do our best, however, to reconstruct what occurred from the limited record submitted.

In this dissolution proceeding, the family court entered a custody order on March 6, 2017, ordering, as relevant here, that the parents share joint legal and physical custody of L.F. According to a court notice, the final family court judgment in this matter was entered on February 4, 2019, however, that judgment is not in the record. Three separate requests to modify the custody order followed the final judgment.

First, on June 10, 2019, mother filed a request to modify the custody order.[1] Second, on July 1, 2019, L.F.'s counsel filed a request to modify the prior custody and visitation order to give father physical custody of L.F., and mother visitation the first, third, and fifth weekends of the month due to issues with L.F. missing school. L.F.'s counsel also asserted it would be in L.F.'s best interest to attend school in father's district. Third, on August 7, 2019, father filed his own request to modify the custody order.

---

[1] On July 8, 2019, the family court granted mother's application for a waiver of fees for the filing of mother's June 10, 2019 application only, and indicated it would reconsider the matter at the August 12, 2019 hearing.

On August 12, 2019, the family court held an unreported hearing on L.F.'s counsel's request to modify the custody order. Mother appeared with counsel and there is no indication in the record that she requested a court reporter or a continuance to secure a reporter. At the conclusion of that hearing, the family court found it was in L.F.'s best interest to make the changes requested by her counsel and entered an order accordingly. No party appealed from that order.

On September 9, 2019, the family court heard argument on (1) mother's request for reimbursement of her filing fees and to modify the custody and visitation order; (2) father's request to modify the custody, visitation, school, and exchange location; and (3) mother's counsel's application to be relieved as counsel. For most of the hearing mother was represented by counsel, and mother did not request a court reporter, nor did she request a continuance of the hearing until a court reporter could be present. At the conclusion of that hearing, the family court ordered that the existing orders remain in effect and continued the matter to October 7, 2019. The court also granted mother's counsel's motion to be relieved.

The first day of trial on the parents' competing requests to modify the custody order occurred on October 7, 2019, and was reported. At the outset, the family court denied mother's oral request for a continuance to secure counsel and moved on to the merits. The family court announced it would not relitigate what it had already decided at the August 12, 2019 hearing. At the conclusion of that first day of trial, the family court stated it would consider a stipulated custody order proposed by mother and father.

The next day (day two of trial), the family court rejected the parties' stipulation. The family court found it had already issued orders regarding the parties' requests for a holiday and vacation schedule, and requiring communication to occur through electronic means. That left a comprehensive final custody and parenting time order, and the family court reaffirmed its August 12, 2019 determination it was in L.F.'s best interests for father to have full custody of L.F. with parenting time for mother on the first, third, and

fifth weekends of the month. During the hearing, mother requested a custody evaluation be performed in the case. Mother further acknowledged she would file a motion for that evaluation and agreed to pay for it. At the conclusion of that second day of trial, the family court ordered that the August 12, 2019 order remain in effect pending the evaluation and the continued trial. The family court continued the matter to February 25, 2020.[2]

At a February 24, 2020 hearing on an unrelated matter, mother told the court no court reporter was available the following day for the continued trial and, as a result, the family court vacated the February 25, 2020 date and set the matter for May 28, 2020. Mother also stated she could not pay the fee for a custody evaluation and the family court removed that evaluation from the agenda for the case.

On June 4, 2020, at the continued trial on the parents' competing requests to modify the custody order, the minutes reflect the court summarized prior testimony it had already received. The minutes also reflect mother requested a court reporter and raised the fee waiver issue. The family court denied mother's request for a court reporter because the request was untimely, and the matter proceeded that day without a reporter. At the conclusion of this third day of trial, the family court continued the matter to June 22, 2020.[3]

The family court held day four of trial on June 22, 2020; day four was reported. The family court received more evidence, spoke to L.F. in chambers, and made temporary orders regarding her vacation and summer custody schedule. The court's conversation with L.F. was reported and sealed by the family court.

---

[2] On December 9, 2019, at an unreported hearing to review mother's waiver of court fees, the family court noted it had previously granted mother a fee waiver.

[3] On June 7, 2020, mother filed a request for the waiver of fees. The court granted the request.

4

At some point in the proceedings, mother applied for accommodations for more time to present witnesses under the Americans with Disabilities Act (ADA) and the family court granted the request. Neither the application, nor the family court's order are in the record. During this fourth day of receiving evidence, however, mother argued she was not provided with enough time to question witnesses in light of the ADA accommodations the family court had granted her. The family court responded that mother had only asked for two days in her accommodation request, and the matter was already on its third day (which was actually the fourth day) of trial. The court allowed mother the rest of that day to present evidence and continued the matter to August 10, 2020, to hear additional evidence.

On August 10, 2020, the parties returned to court for the fifth day of trial, which was also reported. Mother was represented by counsel. The family court questioned how mother could afford counsel but could not afford to pay for a court reporter. The court set the matter for a further hearing on her fee waiver in August 2020, and a pretrial conference on October 13, 2020.

Mother's counsel, father, and L.F.'s counsel appeared for the reported hearing on October 13, 2020 (day six of trial). The family court confirmed the final half-day of trial for November 19, 2020. No substantive matters were discussed at the hearing.

The seventh and final day of trial on the parents' competing requests to modify the custody order occurred on November 19, 2020, and was reported. Mother's counsel argued the family court should never have entered the August 12, 2019 order because there was insufficient evidence to modify the original custody arrangement, asked the court to reinstate the previous order, and chose to present no additional evidence.

The family court ruled as follows: "So the Court has a long history with this case. . . . [¶] I think transcripts clearly show that mother has some mental health issues that she is dealing with and some long-standing animosity toward father. I think that father has shown that he has done a remarkable job working through any issues that he had

5

when the parties separated.  [¶]  [L.F.'s counsel] did make some allegations in her request for orders . . . set for hearing on August 12th.  The only party the Court talked to or heard from was the minor.  And the court is going to make its order based on that conversation with the minor, which did reveal inappropriate discussions between mom and the minor. I want to remind the parents that sometimes children say things that they think that a party wants to hear.  And that . . . tasked with the minor's best interest, the Court weighs heavily what the minor says in minor's counsel's presence and in the Court's presence. [¶]  Whatever happened over a year ago, the Court needs to look at what is happening today and how the minor is doing today.  Because kids are flexible and they grow and things change.  So while this litigation started in August of last year, I need to also consider how the minor is doing today.  [¶]  And the minor from all reports is doing very well.  I am glad that mom moved to be closer so that the transports are going to be less onerous for everybody.  But the schedule that is in effect now appears to be in the best interest of the minor.  [¶]  So we will maintain the schedule ordered after hearing on August 12 . . . ."

The family court issued its final order on December 23, 2020.  Mother timely appealed.  The record was filed on January 31, 2022, with a supplemental clerk's transcript submitted on June 30, 2022.  Mother requested and was granted five extensions of time to file her opening brief.  After her brief was filed, father requested and was granted two extensions of time to file his brief.  The matter was considered fully briefed as of July 5, 2023, and assigned to this panel shortly thereafter.

DISCUSSION

I

*Appellant's Burden on Appeal*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error

6

that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*).)

To demonstrate the family court's custody order was incorrect, mother must "support claims of error with meaningful argument and citation to authority. [Citations.] When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. [Citations.] In addition, citing cases without any discussion of their application to the present case results in forfeiture. [Citations.] We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*); see *Woods v. Horton* (2008) 167 Cal.App.4th 658, 677 ["A court need not consider an issue where reasoned, substantial argument and citation to supporting authorities are lacking"]; *Wright v. City of Los Angeles* (2001) 93 Cal.App.4th 683, 689 ["asserted grounds for appeal . . . that merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion"].)

In addition to providing reasoned, coherent argument and supporting legal authority, an appellant must provide adequate citations to the record on appeal. (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545.) "Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 (*WFG*).) Simply put, "it is not this court's function to serve as . . . backup appellate counsel." (*Mansell,* at p. 546.) These rules apply here, even though mother is representing herself, and "self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) "[T]his court need not consider issues not raised at trial and may not properly consider alleged facts which are wholly outside the record on appeal." (*People v. Jarrett* (1970) 6 Cal.App.3d 737, 739 (*Jarrett*).)

## II

### *Custody Order*

We review the family court's custody and visitation orders for an abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) To the extent mother argues the August 12, 2019 order was erroneous, that argument is not cognizable here. "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) The August 12, 2019 order was separately appealable as an order after judgment. (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377.) However, mother did not file a timely appeal of that order, which is now final, and thus it cannot be challenged in this appeal. (*Ramirez,* at p. 1421; Cal. Rules of Court, rule 8.104(a).)

Next, mother argues that the family court's December 23, 2020 order violated her parenting rights because the court took no evidence, did not consider *Jaime G. v. H.L.* (2018) 25 Cal.App.5th 794, Family Code sections 3020, 3031, and 3040, or title 42 United States Code section 1981, and failed to state its reasons on the record. We disagree.

Mother's assertions that the family court took no evidence, failed to state its reasons for its order, and failed to take into account the proper Family Code sections are contradicted by the record provided. The family court conducted the trial over a period of seven days, six days during which it took evidence, including talking with L.F. in chambers, and heard the arguments of the parties. Further and on the record, in ruling on the competing requests to change custody at the end of trial, the family court stated its reasons for finding the August 12, 2019 order remained in the best interest of the child and the ruling also provided multiple weekends of visitation for mother each month. The ruling aligns with the legislative policies dictated by Family Code sections 3020 and 3040 that the family court make custody decisions in the best interest of the minor and to

8

encourage frequent contact with the parents.  (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 878.)

To the extent mother suggests by her reference to *Jaime G. v. H.L., supra*, 25 Cal.App.5th 794 and Family Code section 3031, that father engaged in domestic violence that the family court should have considered in its ruling, mother advances no cogent argument as to why that case or that statute applies here, or when and how that issue was properly raised in the family court.  Moreover, without a single citation to the record, mother asserts that the court issued two protective orders against father, and that father engaged in domestic violence against an adult child of the marriage in front of L.F.  Because mother cites to no evidence in the record to support these claims, these contentions are forfeited.[4]  (*Allen, supra*, 234 Cal.App.4th at p. 52; *WFG, supra,* 51 Cal.App.5th at p. 894; *Jarrett, supra*, 6 Cal.App.3d at p. 739.)  Similarly, mother's citations to title 42 United States Code section 1981 without explanation as to how it is applicable forfeits that claim as well.  (*Allen,* at p. 52; *WFG,* at p. 894; *Jarrett,* at p. 739.)

III

*Court Reporter*

Mother next argues the family court erred because it had a pattern of denying her requests for a court reporter, and she was entitled to one because the court had granted her a fee waiver.  Mother cites to a portion of the reporter's transcript showing the family court continued the February 25, 2020 day of trial at her request due to the unavailability of a court reporter.  She also cites to the clerk's transcript where the family court denied mother's request for a court reporter because it was not timely.  Mother has not shown the family court engaged in a pattern of denying her requests, and has not shown error.

---

[4] Similarly, we cannot consider mother's claims about extra record statements L.F. may have made to her mother after this order was entered.

9

Our Supreme Court in *Jameson, supra,* 5 Cal.5th at page 623 held, "when a superior court adopts a general policy under which official court reporters are not made available in civil cases but parties who can afford to pay for a private court reporter are permitted to do so, the superior court must include in its policy an exception for fee waiver recipients that assures such litigants the availability of a verbatim record of the trial court proceedings, which under current statutes would require the presence of an official court reporter." The court further found the court's failure to provide a court reporter in that case was not harmless error. (*Ibid.*)

Here, there was no such policy and more important, that was not the situation here. The court provided mother with a court reporter on five of the six days when evidence was taken. Further, mother has failed to show the family court abused its discretion in denying her untimely request for a court reporter on one of the six days. (Cf. *Daws v. Superior Court* (2019) 42 Cal.App.5th 81, 86 [applying abuse of discretion review to court's inherent authority to adopt suitable procedures].)

First, as to February 25, 2020, the family court continued the matter at mother's request to a date when a reporter would be available. Mother's citation to this point of the record demonstrates no error.

Second, as to the denial of a court reporter on June 4, 2020, the record demonstrates the family court denied mother's request for a court reporter on this one of the six days that evidence was presented at trial based on mother's failure to timely request a reporter for that session. In the minutes, and on the record, the family court affirmed it denied mother a court reporter that day due to her failure to timely request one. "Every court has the inherent power, in furtherance of justice, to regulate the proceedings of a trial before it; to effect an orderly disposition of the issues presented; and to control the conduct of all persons in any manner connected therewith. [Citations.] The exercise of this power is a matter vested in the sound legal discretion of the trial court, subject to reversal on appeal only in those instances where there has been an abuse

10

of that discretion." (*Schimmel v. Levin* (2011) 195 Cal.App.4th 81, 87, quoting *People v. Miller* (1960) 185 Cal.App.2d 59, 77.) The family court's denial of her request to continue the matter at that juncture for a court reporter and to end that day's proceedings was not an abuse of discretion.

Even if we were to conclude the family court erred in requiring mother's request to be timely, where there is no court reporter for a hearing, the proper method for mother to provide a record of the proceedings was through a settled statement. (Cal. Rules of Court, rule 8.137.) A settled statement is proper when a party has been granted a fee waiver. (*Id.*, rule 8.137(b)(1)(B).) Mother failed to provide a settled statement summarizing what occurred at the single day of trial that was not reported. She has not shown error in the court's denial of her June 4, 2020 request.

IV

*Continuances and Effectiveness of Minor's Counsel*

Mother argues the family court erred in denying her continuances and that L.F.'s counsel was ineffective.

Mother asserts "the Court has established a pattern of denying my reasonable request to continue a hearing with good cause," however, she identifies no specific request for a continuance, does not show how she demonstrated good cause for any such request, nor does she demonstrate how the family court abused its discretion in denying any such request. The family court " 'has a wide discretion in granting or denying continuances, and its decision is not disturbed on review unless a clear abuse of discretion is shown.' " (*Agnew v. Parks* (1963) 219 Cal.App.2d 696, 700.) Mother's failure to properly brief this claim, with proper references to the record to support such a claim, results here in forfeiture of the claimed error. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 [arguments not supported by adequate citations to the record need not be considered on appeal]; *Allen*, *supra*, 234 Cal.App.4th at p. 52; *WFG*, *supra*, 51 Cal.App.5th at p. 894; *Jarrett*, *supra*, 6 Cal.App.3d at p. 739.)

11

Next, we note that mother provides no authority for the proposition that she has standing to argue that L.F.'s appointed counsel was ineffective. (*Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521 [failure to provide authority forfeits argument].) In any event, we disagree with her argument as she has not demonstrated that her interests were affected by L.F.'s counsel's representation. Mother seems to assert that L.F.'s counsel was ineffective because counsel allegedly only met with L.F. on three occasions. To support this claim, mother cites to six pages from the reporter's transcript of the seventh and last day of trial, but nothing in the six-page colloquy between the court, mother's counsel, mother, and father supports her claim. In addition, mother cites the entire 298-page reporter's transcript as evidence counsel "gathered documents in partnership with [L.F.'s counsel] that were proven to be fraudulent." As we have noted, it is not our duty to search the record for evidence that may support a party's claim and we decline to do so. (*WFG, supra*, 51 Cal.App.5th at p. 894.)

V

*Judicial Bias*

In her final argument, mother argues the family court was biased against her because the judge rejected a proposed stipulated custody arrangement proffered by mother during her questioning of father during trial on October 7, 2019. She points to several other perceived slights she claims demonstrates the family court was biased against her: (1) she was not allowed to attend a court appearance at the pretrial hearing on October 13, 2020, because she was in the Zoom waiting room while her counsel represented her in court; (2) she was not allowed more time to call witnesses due to her disability request; and (3) the family court rejected her counsel's argument the family court never should have issued the August 12, 2019 order.

Without a record to the contrary and because that order is final, we must presume the family court properly decided on August 12, 2019, to modify the visitation parenting schedule based on the best interests of the child. (*Jameson, supra*, 5 Cal.5th at pp. 608-

12

609.) Mother fails to explain, or support with citation to authority, how the family court's decision declining to accept the parents' proffered stipulation demonstrates bias. The mere fact the court did not rule in the manner sought by mother does not demonstrate improper judicial bias. (*McEwen v. Occidental Life Ins. Co.* (1916) 172 Cal. 6, 11.)

Moreover, the record contradicts mother's claim she needed more time to question witnesses due to her disability. Mother did not include her application for accommodations or the order granting it in the record that she submitted to this court on appeal. From what we can discern, mother raised an argument she was not provided with enough time to question witnesses in light of her accommodations. The family court responded mother had only asked for two days in her accommodation request, and the matter was already on its third day (which was actually the fourth day) of trial. The family court provided mother with the rest of that day and allowed her another half-day to question witnesses, exceeding her requested and granted accommodations. Mother chose to rest her case on that next day of trial without calling any more witnesses, despite the fact she had another half-day available to her. The record before us therefore demonstrates the family court gave mother what she asked for and more. This does not demonstrate judicial bias against her. Finally, mother fails to identify anything in the record that shows she was in a Zoom waiting room on October 13, 2020. Thus, we need not and do not consider this argument. (*Jarrett, supra*, 6 Cal.App.3d at p. 739.)

DISPOSITION

The family court's December 23, 2020 order is affirmed.

/s/

BOULWARE EURIE, J.

We concur:

/s/

DUARTE, Acting P. J.

/s/

KRAUSE, J.